8 P.(2d) 786

**STATE v. FLOREZ et al.**

No. 3692.

Supreme Court of New Mexico.

Dec. 30, 1931.

Caswell S. Neal, of Carlsbad, for appellants.

E. K. Neumann, Atty. Gen., and Quincy D. Adams, Asst. Atty. Gen., for the State.

WATSON, J.

Upon an affidavit pursuant to section 4 of the Juvenile Delinquency Act, 1929 Comp. § 35-4104, two minors under the age of sixteen were brought into the juvenile court of Eddy county, charged with larceny. They pleaded guilty, and, on March 12, 1930, were each sentenced to the reform school for a term of not less than one year nor more than one year and one day; such sentences being suspended during good behavior. On March 11, 1931, the same court made an ex parte order, reciting that "each of them have wholly failed to live up to the conditions heretofore imposed upon them by the court in suspending said sentences," revoking the suspensions, and directing issuance of commitments upon the original sentences. A motion to vacate this order was overruled, and an appeal allowed.

Appellants contend that the order is void because made without notice or opportunity to be heard upon the question of violation of the conditions of the suspension.

On the other hand, the state contends that the court was without jurisdiction to suspend the sentences in the first place, that that part of the original judgments is to be treated as surplusage, and that commitments may properly issue upon what remains of them.

Other contentions are made by both parties which need not here be mentioned. All agree that the proceeding is statutory and special. Such it seems to be. That being the case, this court is without jurisdiction to entertain the appeal. The statute fails to confer such jurisdiction; the only provision for appeal being 1929 Comp. § 35-4114, which applies only to persons convicted of contributing to juvenile delinquency. The appeal was improvidently granted. Jordan v. Jordan, 29 N. M. 95, 218 P. 1035. City of Clovis v. Curry, 33 N. M. 222, 264 P. 956.

The appeal will be dismissed for lack of jurisdiction, and without prejudice to any appropriate remedy. The cause will be remanded. It is so ordered.

BICKLEY, C. J., and PARKER, J., concur.

SADLER and HUDSPETH, JJ., did not participate.