Carlos (Charlie) SANCHEZ, Appellant,

v.

Harold A. COX, Appellee.

No. 8484.

United States Court of Appeals
Tenth Circuit.

Feb. 21, 1966.

T. Peter Craven, Denver, Colo., for appellant.

L. D. Harris, Albuquerque, N. M. (Boston E. Witt, Atty. Gen., with him on brief), for appellee.

Before MURRAH, Chief Judge, and PICKETT and SETH, Circuit Judges.

MURRAH, Chief Judge.

In this habeas corpus proceedings the petitioner attacks his New Mexico state court life sentence, imposed in 1952 pursuant to a jury verdict on a murder charge. The judgment was affirmed on appeal, State v. Sanchez, 58 N.M. 77, 265 P.2d 684.

The salient ground asserted for the writ is that the conviction and sentence was a constitutional nullity because the petitioner was denied counsel and forbidden to cross-examine state witnesses at his preliminary hearing. The answer to the Show Cause Order alleged that the petitioner was "represented by counsel at the arraignment and trial of his cause if not in fact at the preliminary hearing; that an appeal from his conviction was made and the Supreme Court of the State of New Mexico found no fundamental error * * * that there is no showing of prejudice to the fundamental constitutional rights of Petitioner."

On the issues thus joined counsel was appointed and the trial court conducted a hearing at which the only evidence produced was the testimony of the petitioner. While his memory of the pertinent facts thirteen years after his arrest was admittedly and understandably somewhat clouded, he testified to these uncontradicted facts.

He was arrested by officer Morgan in the early morning hours of May 10, 1952, and made some "verbal statements" to the officer, apparently enroute to the Albuquerque City Jail. Upon arrival at the jail, he was questioned extensively, stripped of all of his·clothes and put in solitary confinement. He asked for an attorney, but was not allowed to telephone or to contact his family until two days after his arrest when his "folks" were notified by the city officials. During this time, he was interrogated by the police officers. He made verbal statements to the effect that he thought he had killed a man in self-defense. He made no written statement and did not know whether his oral statements were recorded. He was removed to the county jail where he was further questioned and "sometime" thereafter was informed of the charge against him. He had no funds or property with which to employ counsel and none was provided. "Within a month" of the time of his arrest, he was taken before a Justice of the Peace for arraignment or preliminary hearing. He does not know which. He recalls two appearances before the Justice of the Peace at one of which the state introduced testimony. He wanted to ask a few questions of the witness or witnesses, but was not given permission. He recalls that officer Morgan testified but does not recall whether he or anyone else related any of the statements he had made to them. He pleaded not guilty and was bound over for trial. Two attorneys were appointed before the trial date, and he was tried and convicted on his plea of not guilty. He does not remember whether

on trial of the case any of the officers testified to any incriminating statements he had made to them.

The trial court adopted verbatim the suggested findings of fact and conclusions of law submitted by the state that "Petitioner had counsel at all critical stages of the judicial process, and he was not prejudiced by the failure to have counsel during any of the preliminary proceedings prior to his arraignment in the District Court," and further that "The preliminary proceedings did not constitute a critical stage in the judicial process in this case," and "Petitioner was not prejudiced by the failure to have the assistance of counsel during the preliminary proceedings and his proceeding to trial after counsel was obtained constituted a waiver of any defects in the preliminary proceedings."

█ It is now established beyond doubt that the arraignment and preliminary hearing in New Mexico are critical stages of the criminal proceedings against an accused. See Pearce v. Cox, November 1965 Term, 10 Cir., 354 F.2d 884. The petitioner was, therefore, plainly entitled to the advice and assistance of counsel at the time of his arraignment and preliminary hearing and particularly for cross-examination of the state's witnesses. See Pointer v. State of Texas, 380 U.S. 400, 85 S.Ct. 1065, 13 L.Ed.2d 923. Any pre-trial confession or incriminating statement made by the accused without counsel or by a witness against him without the right of cross-examination would be inadmissible in the trial of the case and would vitiate a conviction, even though based only in part upon the incriminating statements because in these circumstances prejudice is presumed as a matter of law. See White v. State of Maryland, 373 U.S. 59, 83 S. Ct. 1050, 10 L.Ed.2d 193; Hamilton v. State of Alabama, 368 U.S. 52, 82 S.Ct. 157, 7 L.Ed.2d 114; Pointer v. State of Texas, supra.

It seems to be conceded now, contrary to the findings of the court, that this petitioner did not have the assistance of counsel during the preliminary proceed-ings. Indeed, it is undisputed that he was denied that right. It is also conceded that if the petitioner had testified that the statements or admissions made during the preliminary examinations or interrogations were used against him in the trial of the case, a thorough inquiry would have been justified. It is said, however, that no inquiry or findings in that regard was necessary or justified on the basis of the equivocal testimony of the petitioner.

█ True, petitioner did not testify that his statements were incriminatory or if so were used against him in the trial of the case. The testimony is that he made statements but doesn't remember the nature of them or whether they were used against him. The question then is whether in these circumstances the petitioner's case fails for want of proof. The petitioner has, to be sure, the burden of showing by a preponderance of the evidence that he is entitled to the relief he seeks. See Beeler v. Crouse, 10 Cir., 332 F.2d 78.

██ As the state seems to agree, any creditable evidence that pre-trial prejudicial statements were used against the petitioner or in any way affected his conviction would make out a prima facie case for relief in habeas corpus and would require the government to come forward with contradictory evidence at the risk of a finding of fact sufficient to support a judgment of denial of due process. And, we think in these circumstances it is fair to say in the interest of justice that petitioner's dim memory of having made statements, without counsel under coercive conditions, concerning the offense for which he was later charged is sufficient to place upon the trial court the duty of further inquiry concerning the facts of record. There can be no doubt of the power of the court sitting in habeas corpus to compel production of the complete state court record, including the transcript of testimony and, if unavailable, some adequate substitute, such as a narrative record. See Townsend v. Sain, 372 U.S. 293, 319, 83 S.Ct. 745, 9 L.Ed.2d 770; Cordova v. Cox, 10 Cir., 351 F.2d

269. The trial court has the primary responsibility for the search for truth and is not required to close its eyes to the realities of the situation in which the issues are cast.

Of course, there is no sure way of knowing whether incriminating statements were used against the petitioner without resorting to the transcript, and we should be constrained to remand the case for a more searching inquiry and more specific findings on the critical issue were it not for the solicitude of the Supreme Court of New Mexico as reflected in its opinion on direct appeal of the case. No transcript of the record was brought to the Supreme Court of New Mexico on appeal. The appeal came up apparently on a skeleton record which the trial court and counsel deemed sufficient on appeal. The opinion of the court recites that the murder charge was filed May 12, 1952, and on May 28 the court appointed two members of the bar to represent the accused. On June 25 these two attorneys were relieved of their appointment and another member of the bar was appointed. In July a preliminary hearing was held and defendant entered his plea of not guilty. On September 15, the opening day of the term of the District Court, the second court appointed counsel was relieved on the basis of complete disagreement between attorney and client as to preparation of the defense, and on that date another member of the bar was appointed to represent the defendant. Appointed counsel requested that the trial be set at the end of the criminal calendar, probably in November. The case was first set on October 6 and reset on October 9 and additional counsel was appointed.

When the case came on for argument on appeal, the Supreme Court noted that when the appeal in forma pauperis was granted the trial court decided that a transcript of the testimony "was not justified for the reason that no error relied upon by appellant's counsel on appeal is in any way dependent upon it." The Supreme Court then specifically questioned counsel in this re-

gard, and counsel reaffirmed their "belief that the absence of the transcript would in no way limit or detract from their effective presentation of all meritorious matters appealable to this court on behalf of the defendant." In its opinion the court stated that "In view of the clearly expressed opinion by the trial court and counsel for appellant concerning the evidence in this case and without the benefit of transcript, we feel justified in concluding that there is no question of fundamental error here involved." From this it is sufficiently clear, we think, that if pre-trial prejudicial statements had been repeated to the jury as evidence of defendant's guilt, they would have been preserved in the trial court and brought forward on appeal. We will not assume that competent trial lawyers neglected to object to the admission of such evidence on the grounds of voluntariness or as otherwise infecting the trial of the case. According the Supreme Court's appraisal of the crucial facts the respect to which it is entitled, we can find no good cause or justification for remanding this case for more specific findings on the critical issue, and the judgment is affirmed.