Argued April 4, affirmed April 20, 1966

# SHANNON *v.* GLADDEN

413 P. 2d 418

*Gary D. Babcock,* Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Lawrence A. Aschenbrenner, Public Defender, Salem.

*George M. Joseph,* Deputy District Attorney, Portland, argued the cause for respondent. With him on the brief was George Van Hoomissen, District Attorney, Portland.

Before McALLISTER, Chief Justice, and PERRY,

Sloan, Goodwin, Denecke, Holman and Lusk, Justices.

HOLMAN, J.

Plaintiff filed a petition for post-conviction relief. He has appealed from an order of the trial court sustaining a demurrer to his petition.

The petition alleged he suffered a substantial denial of his federal and state constitutional rights because, at age 16, he was not advised of his right to nor was he furnished counsel to represent him at a hearing in juvenile court for the purpose of determining whether he should be remanded to the circuit court for trial as an adult. He also alleges that in such proceeding he was denied the right to confront his accusers and the right of cross examination and that the adjudication of the juvenile court that he should be treated as an adult was based solely upon ex parte reports of plaintiff's former guidance counselor.

Plaintiff was subsequently convicted in circuit court on a plea of guilty to the criminal felony charge of auto theft and sentenced to incarceration in a penal institution. He was represented by counsel in the criminal proceeding in circuit court. The petition alleges he has completely served the time to which he was sentenced. The remand hearing took place in December of 1959 prior to the effective date of Oregon's present juvenile code which was January 1, 1960.

There was no allegation in the petition of any fact showing that any substantial right of plaintiff could be affected by granting the relief sought. There was no claim that any proceeding for an enhanced penalty had been instituted against him on any subsequent conviction, nor did he claim that any of his civil

prerogatives as a citizen would be lost because of his conviction.

Defendant claims that post-conviction relief is not available because (1) a person who has completed serving a felony sentence is not eligible to bring a post-conviction relief proceeding without alleging he is presently under some restraint on account of the conviction, and (2) the juvenile court remand proceeding in 1959 was not a critical stage in the felony proceeding so as to have required appointment of counsel.

It is our opinion that the demurrer to the petition was properly sustained because it did not allege facts sufficient to show that the juvenile court proceeding was a critical stage in the felony proceeding. The juvenile proceeding was not a critical stage in the felony case because the adult criminal court and the juvenile court had concurrent jurisdiction. Jurisdiction of a juvenile in the adult circuit court was not dependent upon a remand order from the juvenile court. *In re Application of Loundagin,* 129 Or 652, 278 P 950 (1929); *State v. Little,* 241 Or 557, 407 P2d 627 (1965); *Ethridge v. Hildreth,* 253 Iowa 855, 114 NW2d 311 (1962).

The *Loundagin* case, supra, involved a writ of habeas corpus brought by the father of an individual who, at 16 years of age, was convicted of a felony in circuit court and sentenced to prison without having been remanded by the juvenile court. The court denied the contention that the trial court had no jurisdiction because the prisoner had never been processed in juvenile court. The opinion stated, at pages 657-658, as follows:

"Section 9 of Article VII of the State Constitution provides:
"'All judicial power, authority, and jurisdic-

tion not vested by this constitution, or by laws consistent therewith, exclusively in some other court, shall belong to the circuit courts; and they shall have appellate jurisdiction and supervisory control over the county courts, and all other inferior courts, officers and tribunals.'

"This constitutional provision was referred to by this court in *Ex parte Stacey,* 45 Or. 85, 88 (75 Pac. 1060, 1061), and was held to mean that:

" 'The circuit courts of this state have exclusive original jurisdiction of all felonies committed therein.'

"In *State v. Chandler,* 113 Or. 652, 656 (234 Pac. 266, 267), this court said:

" 'In the absence of some statute depriving the circuit court of jurisdiction, that court has jurisdiction of every offense committed and triable within the county.'

"It is clear that unless the juvenile courts are vested with exclusive jurisdiction of cases involving the commission of crimes by minors under the age of eighteen years the Circuit Courts of the state have ample power and jurisdiction to try such cases.

"The respondent's contention seems to be that the Juvenile Court Law has deprived the Circuit Courts of such jurisdiction. The determination of this question necessitates a brief examination of the Juvenile Court Law.  *  *  *"

After an examination of the existing juvenile court law, the relevant parts of which were substantially identical to those in effect in 1959, the court relied on 2 Oregon Laws § 9816, p 3516 (1920), as amended by Oregon Laws 1921, ch 35, p 47, to demonstrate that the circuit court did not lose jurisdiction by the enactment of the juvenile law. At the time in question in the present case, this statute was encompassed in

ORS 419.548 (repealed by Oregon Laws 1959, ch 432, § 59, p 738), and was as follows:

"Whenever a child under the age of 18 years is convicted of any crime, the court in which such conviction is had may either impose the sentence provided by law or certify the conviction of the child to the juvenile court, which shall proceed against the child in the manner provided by ORS 419.524 to 419.540 as if the child had been adjudged a delinquent by the juvenile court. The remanding of such child to the juvenile court shall operate only to suspend sentence. In case the conviction is certified to the juvenile court and such child is at any time again remanded to the court in which the conviction was had, such court may, during any term, impose upon such child the sentence provided by law."

The court said, at pages 659-660:

"The foregoing statutory provisions clearly indicate that the legislature did not intend that the juvenile act should deprive the Circuit Courts of the state of jurisdiction to try a minor under eighteen years of age accused of the commission of a felony. This is shown by Chapter 35, General Laws of Oregon, 1921, which expressly provides that whenever a child under eighteen years of age shall be convicted of any crime, the court, in its discretion, may either impose the sentence provided by law, or may certify the conviction of said child to the juvenile court, in which case the latter court may proceed against the child in the same manner as if said child had been adjudged a delinquent by said juvenile court. The Circuit Court of Umatilla County had jurisdiction of the subject matter of the information and the person of the minor, A. P. Loundagin.

"Under the provisions of Section 9816, Or. L., as amended by Chapter 35, General Laws of Oregon, 1921, the Circuit Court had authority to hear

the case regardless of the age of the accused, and, in its discretion, either sentence the young man as provided by law or certify the conviction of the minor to the juvenile court. * * *"

Plaintiff cites *Kent v. United States,* 383 US —, 86 S Ct 1045, 16 L Ed 2d 84 (1966), which held that the juvenile remand (or "waiver") proceeding is a "critically important" stage in a felony case at which a juvenile is entitled to representation by counsel. The case is not controlling because it is premised on the juvenile court's original and exclusive jurisdiction over the child. Such was not the case here. The right to try the plaintiff as an adult in circuit court, under the former juvenile code, was not dependent upon a remand from juvenile court.

It might be contended that the juvenile court had exclusive jurisdiction once proceedings had commenced there until its jurisdiction was released by a remand to the circuit court. It is difficult to justify such a contention in view of ORS 419.504 (repealed by Oregon Laws 1959, ch 432, § 59, p 738) which provided the method by which juvenile court jurisdiction was invoked. It provided:

> "Any reputable person having knowledge of a child who appears to be either dependent or delinquent may file with the clerk of a court having jurisdiction in the matter a petition in writing, setting forth the facts verified by affidavit. It is sufficient that the affidavit is upon information and belief."

Such a contention would mean that the jurisdiction of the circuit court could be barred by any interested person who filed a petition in juvenile court before the circuit court exercised jurisdiction. We cannot believe the legislature contemplated any such consequences.

The legislature could not have intended to deprive the circuit courts of jurisdiction by such an indirect route.

In view of the above holding, it is unnecessary for us to determine whether *Huffman v. Alexander,* 197 Or 283, 251 P2d 87, 253 P2d 289 (1953), and the provisions of the post-conviction statute prevent a person from bringing a post-conviction relief proceeding without alleging that he is presently under some disability as a result of the conviction.

The judgment of the trial court is affirmed.