428 P.2d 658

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Quirino Larry ACUNA, Defendant-Appellant.**

No. 8363.

Supreme Court of New Mexico.

April 24, 1967.

Rehearing Denied June 26, 1967.

E. T. Johnson, Santa Fe, for appellant.

Boston E. Witt, Atty. Gen., Gary O. O'Dowd, Asst. Atty. Gen., Santa Fe, for appellee.

## OPINION

OMAN, Judge, Court of Appeals.

On June 11, 1964, the defendant, who had been charged in juvenile court with an offense which would be a felony if committed by an adult, was certified by the juvenile court to the district court for proper criminal proceedings, pursuant to the provisions of § 13–8–27, N.M.S.A. 1953. The juvenile court found defendant to be incorrigible and an improper subject for reformation and instruction, and further found that it would be contrary to the interests of the public and the interests of defendant for the juvenile court to retain jurisdiction in the matter.

The defendant and his mother were personally present in the juvenile court at the time these certification proceedings were conducted. They were advised by the court that defendant had the right to obtain and be represented by counsel, but defendant was not advised that counsel would be furnished him without expense to him or his family, and the court did not offer or furnish him with counsel. At the time neither the defendant nor his family was financially able to employ consel.

The district court appointed competent counsel to represent defendant, and he was

represented by such counsel at all stages of the proceedings in that court. He pleaded guilty to a charge of aggravated battery in violation of the provisions of § 40A–3–5, N.M.S.A.1953, and on January 12, 1965, the court found him guilty and sentenced him to confinement in the State penitentiary for a period of not less than two years nor more than ten years.

On April 6, 1966, defendant filed a motion, pursuant to the provisions of Rule 93 of the Rules of Civil Procedure for the district courts of New Mexico, which appears as § 21–1–1(93), N.M.S.A.1953 (1966 Interim Supp.). He sought to have the judgment and sentence vacated on the ground that he had not been fully advised of his right to counsel at the juvenile proceedings, that he was an indigent, that he had not waived counsel, and that nevertheless no counsel was offered or furnished him. From the order denying the motion he has taken this appeal.

The first question presented, and the one we find determinative of this appeal, is that of the right of defendant to be furnished with court-appointed counsel to represent him in the juvenile court proceedings.

■ Defendant had the right in the criminal prosecution to be defended by counsel. N.M.Const. art. 2, § 14. Since the defendant was without financial means to employ counsel and the offense was punishable by confinement in the penitentiary, he was entitled to have the court before whom he was informed against, which was the district court, assign him counsel. Section 41–11–2, N.M.S.A.1953; State v. Anaya, 76 N.M. 572, 417 P.2d 58 (1966). As above stated, the district court assigned and defendant was at all times represented in that court by competent counsel.

The defendant, pursuant to the Sixth Amendment to the Constitution of the United States, made applicable to the states by the Fourteenth Amendment, was also entitled to have the assistance of counsel in the criminal proceedings. Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963); State v. Vaughn, 74 N.M. 365, 393 P.2d 711 (1964).

■ The right to be furnished counsel extends to every critical stage of the criminal proceedings. State v. Vaughn, supra; State v. Anaya, supra.

■ The authorities almost universally hold that juvenile court proceedings are entirely different in nature and character from criminal proceedings. In re Santillanes, 47 N.M. 140, 138 P.2d 503 (1943). In State v. Florez, 36 N.M. 80, 8 P.2d 786, this court defined such proceedings as a "special statutory proceeding."

■ Unless we can say the certification proceedings in the juvenile court were a critical stage of the criminal proceedings which subsequently followed in the district court, the defendant had no constitutional or statutory right to the assistance of court-assigned counsel in the juvenile court. All that was accomplished by the certification proceedings was to transfer jurisdiction over the defendant from the juvenile court to the district court. There is nothing in the record to even suggest that anything done in the juvenile court proceedings in any way affected, or had any bearing upon, the subsequent criminal proceedings, the judgment of guilty entered upon the plea, or the sentence imposed. To constitute a critical stage of a criminal proceeding, the particular proceeding or act in question must be one at which, or in connection with which, the accused's constitutionally protected rights may be lost or adversely affected. See Hamilton v. State of Alabama, 368 U.S. 52, 82 S.Ct. 157, 7 L.Ed.2d 114 (1961); Escobedo v. State of Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1964).

■ The defendant had no constitutionally protected right or any other right, to exemption from criminal prosecution. He was charged in a criminal complaint, given a preliminary hearing, informed against, and otherwise accorded all the rights to

which anyone charged with crime in New Mexico is entitled, including the assistance and advice of a competent, court-appointed attorney at all stages of the criminal proceedings, if he does not have counsel and does not have the financial means to procure counsel.

Defendant particularly relies upon the cases of Hyun v. Landon, 219 F.2d 404 (9th Cir. 1955), affd. 350 U.S. 990, 76 S.Ct. 541, 100 L.Ed. 856, and Kent v. United States, 383 U.S. 541, 86 S.Ct. 1045, 16 L. Ed.2d 84 (1966). He cites the Hyun case for the proposition that the: " * * * Federal courts have recognized deportation proceedings as 'civil in nature, not criminal,' but have nevertheless held that the right to be there represented by counsel was an essential element of due process. * * * "

With this we agree, but we would point out that in that case, one of the contentions of Hyun was that the action of the Immigration Service in taking depositions in Honolulu deprived him of the essential ingredients of due process because " * * * he was financially unable to transport his counsel to Honolulu or procure Honolulu counsel to represent him at the depositions. * * * " He contended that the government should have transported the witnesses to the West Coast for the depositions, or in the alternative, have provided transportation to Hawaii for him and his attorney.

In disposing of this contention, the court observed that he was given the right to be represented by counsel and that the court had,

"* * * repeatedly held that financial inability of an alien to insure attendance of himself or his attorney, or both, at a place where depositions are being taken is not a denial of due process. * * *"

In the Kent case, the failure to provide counsel was not involved. The juvenile attacked the waiver of jurisdiction by the juvenile court on a number of grounds, none of which was the failure to furnish him counsel. In fact, he was represented by counsel. The order of the juvenile court was held to be invalid because of 'the deprivation of the juvenile's rights under the Juvenile Court Act of the District of Columbia. The case involved the construction of a statute applicable only to the District of Columbia. It is true some of the language of the majority might be considered as suggesting that in some stages of certain juvenile proceedings the juvenile is entitled to be furnished counsel, if he has none, and if he is indigent, but, as already stated, the decision in no way turned on this question, and the opinion certainly cannot be construed as even suggesting that counsel must be furnished in the juvenile court in a situation such as is presented by the facts in the instant case.

Finding no error, the order and judgment of the court denying the defendant's motion should be affirmed.

It is so ordered.

CHAVEZ, C. J., and MOISE, J., concur.

## OPINION ON MOTION FOR REHEARING

OMAN, Judge, Court of Appeals.

Subsequent to the filing of our opinion in the above case, the decision of the United States Supreme Court in In re Gault, 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967) has been issued.

We extended the time within which a motion and briefs on rehearing might be filed, in order that the Gault decision could be considered by us. A motion and briefs were filed and have been carefully considered.

Nothing decided in the Gault case requires us to alter our conclusion heretofore reached in this case.

The Gault case involved the question of the applicability of the constitutional

guaranties of (1) adequate notice, (2) right to counsel, and (3) privilege against self-incrimination in proceedings for the purpose of determining delinquency, which might result in commitment to an institution in which the juvenile's freedom is curtailed.

As stated by the court in its opinion:

"We conclude that the Due Process Clause of the Fourteenth Amendment requires that in respect of proceedings to determine delinquency which may result in commitment to an institution in which the juvenile's freedom is curtailed, the child and his parent must be notified of the child's right to be represented by counsel retained by them, or if they are unable to afford counsel, that counsel will be appointed to represent the child."

As pointed out in our opinion in the present case, this was a criminal proceeding and defendant was accorded all the rights to which anyone charged with a crime in New Mexico is entitled.

The Motion for Rehearing is denied.

CHAVEZ, C. J., and MOISE, J., concur.