445 P.2d 949

Lawrence W. NELLER, Petitioner-Appellant,

v.

The STATE of New Mexico, Respondent-Appellee.

No. 8511.

Supreme Court of New Mexico.

Aug. 12, 1968.

Rehearing Denied Oct. 21, 1968.

David W. Bonem, Clovis, for petitioner-appellant.

Boston E. Witt, Atty. Gen., Gary O. O'Dowd, Asst. Atty. Gen., Santa Fe, for respondent-appellee.

## OPINION

MOISE, Justice.

Petitioner-appellant sought relief through a motion filed pursuant to Rule 93 (§ 21–1–1(93), N.M.S.A. 1953) from a sentence of not less than ten years nor more than fifty years imposed on October 5, 1964, following his plea of guilty to the charge of armed robbery. From a denial of his motion this appeal has been perfected.

The record discloses that petitioner was sixteen years of age when he allegedly committed the crime for which he is serving time in the penitentiary. This was March 28, 1964. He is now twenty years of age. Prior to the imposition of the sentence which he now is serving, petitioner had been sentenced on the same charge, but because he had not been accorded all rights to which he was entitled as a juvenile he had been ordered released on a writ of habeas corpus entered in the District Court of Sante Fe County. Following his release on the writ, petitioner was returned to Curry County, whereupon a new petition was filed in juvenile court charging the same offense on which he had been previously sentenced. After a hearing at which he was not represented by counsel and no witnesses were called, nor were any of petitioner's family (he has no parents but has relatives who had been notified but did not attend) present, the court stated that, " * * * in view of the age of the juvenile, the nature of the offense, that it is [in the] best interest of the Public that this matter be transferred to the Criminal Docket for further proceedings." This was followed by an order of transfer and the appointment of counsel. An information was then filed and petitioner was arraigned. He was accompanied by his appointed counsel, who waived a preliminary hearing, and petitioner then pleaded guilty. The sentence now being served was then imposed.

On this appeal, four points of error are asserted. They are argued under three headings. Petitioner's first point asserts a deprivation of state and federal constitutional rights during the juvenile court proceedings in that he was without counsel and was not advised of his rights, as required by law.

There is no dispute in the record concerning the fact that petitioner did not have counsel when he appeared in juvenile court. Neither was he advised of any right to counsel, or that counsel, if desired, would be appointed to represent him at no expense to himself. No advice was given concerning his rights not to incriminate himself, or of his right to cross examine witnesses against him. Was he entitled to these things, and did the failure to furnish them result in such a deprivation of constitutional rights as to require relief on the Rule 93 petition? The trial court has ruled in the negative. We conclude it did not err in doing so.

Kent v. United States, 383 U.S. 541, 86 S.Ct. 1045, 16 L.Ed.2d 84 (1966), and In the Matter of Gault, 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967), are relied on largely to support petitioner's claim that the shortcomings in the proceedings cited above result in a denial of rights to which petitioner is guaranteed by the Constitutions of the United States and of New Mexico.

Kent v. United States, supra, is a case in which jurisdiction over a minor represented by counsel was waived by the Juvenile Court of the District of Columbia to the District Court for prosecution as an adult, without a hearing and without giving counsel access to certain records. On certiorari, the Supreme Court held this was error under the Juvenile Court Act of the District of Columbia. It clearly determined that the hearing on the question of transfer was "critically important," but at the same time stated that it would not rule

that constitutional guaranties applicable to adults must be accorded juveniles in juvenile courts inasmuch as adequate basis for determination of the issues presented could be found in the Juvenile Court Act and the decisions of the Court of Appeals; further, that there was no intention to hold that the transfer hearing must "conform with all the requirements of a criminal trial or even of the usual administrative hearing," but rather its holding was explained as requiring only that the hearing "measure up to the essentials of due process and fair treatment."

The case of In re Gault, supra, which followed, involved a question of denial of certain rights claimed to be guaranteed by the constitution in juvenile court proceedings. It was there held that the constitution guaranteed to a juvenile in juvenile court proceedings, no less than on a criminal trial, the right to written notice of the charges against him; notice of the right to be represented by counsel and, if unable to afford counsel, that the court would appoint counsel; the right against self-incrimination; the right to be confronted by the witnesses against him and to cross examine. The court, in referring to the earlier Kent case, said:

"* * * With respect to the waiver by the Juvenile Court to the adult court of jurisdiction over an offense committed by a youth, we said that 'there is no place in our system of law for reaching a result of such tremendous consequences without ceremony—without hearing, without effective assistance of counsel, without a statement of reasons.' We announced with respect to such waiver proceedings that while 'We do not mean * * * to indicate that the hearing to be held must conform with all of the requirements of a criminal trial or even of the usual administrative hearing; but we do hold that the hearing must measure up to the essentials of due process and fair treatment.' We reiterate this view, here in connection with a juvenile court adjudication of 'delinquen-

cy,' as a requirement which is part of the Due Process Clause of the Fourteenth Amendment of our Constitution."

Based primarily upon the language quoted, it is here argued that failure to accord a hearing with counsel on the question of the transfer from juvenile court to district court resulted in denial of petitioner's constitutional rights under the Fourteenth Amendment.

We would note first that Kent was a transfer proceeding, but no question of representation by counsel was present, and constitutional requirements were not considered beyond the holding that the proceeding should "measure up to the essentials of due process and fair treatment" and conform to the law of the District of Columbia. Did Gault, supra, by the language quoted, alter the holding so as to make the requirement one of constitutional dimensions? We do not understand that it did since it involved a totally different aspect of the procedure pertinent to juveniles. See State v. Acuna, 78 N.M. 119, 428 P.2d 658 (1967), opinion on rehearing.

We perceive in both cases a great concern that juveniles not be denied any of the protections guaranteed to adults by the constitution. We quote from In re Gault, supra:

"If Gerald had been over 18, he would not have been subject to Juvenile Court proceedings. For the particular offense immediately involved, the maximum punishment would have been a fine of $5 to $50, or imprisonment in jail for not more than two months. Instead, he was committed to custody for a maximum of six years. If he had been over 18 and had committed an offense to which such a sentence might apply, he would have been entitled to substantial rights under the Constitution of the United States as well as under Arizona's laws and constitution. The United States Constitution would guarantee him rights and protections with respect to arrest, search and seizure, and pre-trial interrogation. It would assure him of specific notice of

the charges and adequate time to decide his course of action and to prepare his defense. He would be entitled to clear advice that he could be represented by counsel, and, at least if a felony were involved, the State would be required to provide counsel if his parents were unable to afford it. If the court acted on the basis of his confession, careful procedures would be required to assure its voluntariness. If the case went to trial, confrontation and opportunity for cross-examination would be guaranteed. So wide a gulf between the State's treatment of the adult and of the child requires a bridge sturdier than mere verbiage, and reasons more persuasive than cliche can provide. As Wheeler and Cottrell [Wheeler & Cottrell, Juvenile Delinquency—Its Prevention and Control (Russell Sage Foundation, 1965)] have put it, 'The rhetoric of the juvenile court movement has developed without any necessarily close correspondence to the realities of court and institutional routines.' "

This language is a logical sequel to the views expressed in Kent, supra, where the following is found:

"While there can be no doubt of the original laudable purpose of juvenile courts, studies and critiques in recent years raise serious questions as to whether actual performance measures well enough against theoretical purpose to make tolerable the immunity of the process from the reach of constitutional guaranties applicable to adults. There is much evidence that some juvenile courts, including that of the District of Columbia, lack the personnel, facilities and techniques to perform adequately as representatives of the State in a parens patriae capacity, at least with respect to children charged with law violation. There is evidence, in fact, that there may be grounds for concern that the child receives the worst of both worlds: that he gets neither the protections accorded to adults nor the solicitous care

and regenerative treatment postulated for children."

Our statute (§ 13-8-27, N.M.S.A. 1953) provides for transfer in proper cases:

"No person under the age of eighteen [18] years shall be charged with the commission of any offense, including a felony, in any court other than the juvenile court and any person knowingly charging a child under eighteen [18] years of age with an offense in any court other than the juvenile court may be punished for contempt of the juvenile court by the judge thereof. Provided, however, that if any child fourteen [14] years of age or older is charged in juvenile court with an offense which would be a felony if committed by an adult, and if the court after full investigation deems it contrary to the best interests of such child or of the public to retain jurisdiction, the court may in its discretion certify such child for proper criminal proceedings to any court which would have trial jurisdiction of such offense if committed by an adult; but no child under fourteen [14] years of age shall be so certified."

We are not prepared, nor do we need, to decide if the holding in Kent suggests that counsel must be provided in juvenile court when an investigation is made under this section of our statute. However, see Peyton v. Nord, 78 N.M. 717, 726, 437 P.2d 716 (1968), where the inquiry is described as one wherein the juvenile court decides if it should certify the juvenile to district court to be treated as an adult or should retain the juvenile and proceed to determine its own jurisdiction to punish him as a juvenile under § 13-8-26(A), N.M.S.A. 1953. Assuming, without deciding, that the effect of Kent is to require counsel in such investigation, does the fact that none was furnished result in a deprivation of rights so as to make void all subsequent proceedings in district court, including the judgment and sentence? We conclude that it does not. See Salazar v. Rodriguez, 371 F.2d 726 (10th Cir.1967).

■ While in no sense intending to minimize the importance of the full investigation preliminary to any certification for criminal proceedings, as provided in the juvenile code (§ 13–8–27, supra), we conclude that representation by counsel at or during the investigation can be waived, if this is done knowingly and intelligently. Further, it is our view that waiver is accomplished when, upon arraignment with counsel in district court, no objection is made to the failure to be represented by counsel during the juvenile court investigation.

We make this determination by comparing the juvenile court proceeding under § 13–8–27, supra, to the preliminary hearing accorded to all adults, as well as juveniles after transfer. Under our law the preliminary hearing is a critical stage of a criminal proceeding. Sanchez v. Cox, 357 F.2d 260 (10th Cir.1966), cert. granted, vacated per curiam and remanded to the District Court, 388 U.S. 461, 87 S.Ct. 2119, 18 L.Ed.2d 1320; Pearce v. Cox, 354 F.2d 884 (10th Cir.1965), cert. denied, 384 U.S. 976, 86 S.Ct. 1869, 16 L.Ed.2d 685. It has been held that counsel must be made available at all critical stages of a criminal proceeding. Hamilton v. State of Alabama, 368 U.S. 52, 82 S.Ct. 157, 7 L.Ed.2d 114 (1961). Nevertheless, we have consistently held that if represented by counsel when arraigned in district court, if no objection is made to a lack of counsel at the preliminary hearing stage, or even of the total absence of a preliminary, without a showing of prejudice, there is a waiver of the right to counsel at the earlier stages. Sanders v. Cox, 74 N.M. 524, 395 P.2d 353 (1964), cert. denied, 379 U.S. 978, 85 S.Ct. 680, 13 L.Ed.2d 569. This decision was largely based on the holding in Latham v. Crouse, 320 F.2d 120 (10th Cir. 1963), cert. denied, 375 U.S. 959, 84 S.Ct. 449, 11 L.Ed.2d 317, announced long after the decision in Hamilton v. State of Alabama, supra. We are not aware of any decisions to the contrary.

■ We would observe that as far as a juvenile is concerned, the juvenile court proceedings under § 13–8–27, supra, are in addition to the hearings that follow—preliminary hearing and thereafter. Upon transfer to the district court, the juvenile is denied nothing by way of hearings and other protections that are accorded adults. If that procedure is sufficient for adults we do not understand that a juvenile has a constitutional right to more. While we can agree that a procedure which results in a child receiving "the worst of both worlds," viz., adult and juvenile, is wrong and unsupportable, we see nothing that constitutionally requires that he receive anything more or better than is accorded an adult. In the instant situation, petitioner received all benefits to which he would have been entitled as an adult; his voluntary plea of guilty after consulting counsel, and no showing of prejudice being made, amounted to a waiver of prior failure to provide counsel at a preliminary hearing. No reason is apparent for concluding that the failure to provide counsel in the juvenile court was not just as effectively waived. The juvenile court law provides for an additional determination not accorded an adult. If at the time of arraignment, complaint had been made that counsel had not been provided in juvenile court, we consider it would possibly have been error for the district court to refuse to remand to the juvenile court for a proper hearing. The same is true concerning an objection to failure to provide counsel at a preliminary hearing. But if no objection is voiced, what reason can be advanced to hold there was no waiver of such defect in juvenile court when it is clear that the same shortcoming in the preliminary hearing was effectively waived? It is our conclusion that, based on the reasoning set forth above, the failure to provide counsel if required at the hearing pursuant to § 13–8–27, supra, was waived. See Rodriguez v. Cox, supra.

Our attention has been directed to one case where a contrary result has been reached because the holding in Gault was considered applicable and to have retroactive effect. See Steinhauer v. State, 206

So.2d 25 (Fla.App.1968). On the other hand, the conclusions reached in the following cases, although not based on the same reasoning as we adopt, accord with the result which follows from what we have said: In re Harris, Sup., 64 Cal.Rptr. 319, 434 P.2d 615 (1967); Smith v. Commonwealth, 412 S.W.2d 256 (Ky.1967), cert. denied, 389 U.S. 873, 88 S.Ct. 162, 19 L.Ed.2d 155; State v. Hance, 2 Md.App. 162, 233 A.2d 326 (1967); Cradle v. Peyton, 208 Va. 243, 156 S.E.2d 874 (1967). With the exception of Cradle v. Peyton, supra, these latter cases all considered Kent and Gault required that counsel be provided, but determined that they should not be given retroactive operation. Cradle v. Peyton, supra, being a case almost identical with the one before us, holds Gault, supra, not applicable, for the following reasons:

> "The intent of the Gault opinion, as we read it, is to forbid confinement under juvenile court order without due process. At first glance the Court may appear to have relied upon its recent decision in Kent v. United States, supra, n. 1, a certification case that upheld the right to assistance of counsel in juvenile court proceedings. But the Court had declined to decide the Kent case on constitutional grounds, saying: 'The Juvenile Court Act and the decisions of the United States Court of Appeals for the District of Columbia Circuit provide an adequate basis for decision in this case, and we go no further.' Id. 383 U.S. at 556, 86 S.Ct. at 1055, 16 L.Ed.2d at 94. So we take the references to Kent in Gault as intended to describe the development of statutory law respecting right to counsel in juvenile court proceedings; not as intended to extend the Kent decision beyond what it originally stood for. And we believe the Gault opinion as a whole reflects the Court's intention to deal only with the case before it; to leave open the question whether the same constitutional rules should be made applicable to certification cases."

We have undertaken to draw the same distinction. However, the Virginia Court then states that if they are incorrect in their conclusion, nevertheless the same result would follow since they do not consider that Gault should be given retroactive application. In this the court is in agreement with the other cases cited above in which this question is held to be determinative. We do not consider this aspect of the problem since it has not been argued to us. However, see Annot., 14 L.Ed.2d 992, 1010 (1966).

Rather, as set forth above, even if Gault, supra, is considered to broaden the holding of Kent, supra, so as to make the right to counsel in a proceeding to transfer jurisdiction over a juvenile (§ 13–8–27, supra) a constitutionally guaranteed requirement, it is our considered judgment that such right can be waived in the same manner as can the right to be represented by counsel at the preliminary hearing, and this is the effect of what was done in this case.

Petitioner asserts that having pleaded guilty when first arraigned, and having been discharged on habeas corpus, he was placed in jeopardy a second time, contrary to his rights under Art. II, § 15, of the New Mexico Constitution, when he was returned and new charges were filed following transfer from juvenile court. In so arguing, petitioner recognizes that the position being advanced is directly contrary to our holding in State v. Paris, 76 N. M. 291, 414 P.2d 512 (1966), but urges that we reconsider the holding on this point in that case. Petitioner cites Kring v. Missouri, 107 U.S. 221, 2 S.Ct. 443, 27 L.Ed. 506 (1883), and Annot., 75 A.L.R.2d 683 (1961), in support of his argument. We have considered the point and the authorities cited, but remain satisfied with the correctness of our holding in State v. Paris, supra. The point is ruled against petitioner.

As a final point, petitioner argues that it was error to deny relief as sought under his Rule 93 motion because at

the arraignment the trial court did not advise him of the consequences of his plea of guilty. We recognize that before accepting a plea of guilty a trial court has a duty to ascertain that a defendant knows the consequences of his plea and to advise him of those consequences if he is not otherwise advised. See State v. Daniels, 78 N. M. 768, 438 P.2d 512 (1968). See also, Annot., 97 A.L.R.2d 549, 552 (1964). That a defendant is represented by counsel does not alter this rule. State v. Blaylock, 394 S.W.2d 364 (Mo. 1965); Woods v. Rhay, 68 Wash.2d 601, 414 P.2d 601 (1966), cert. denied, 385 U.S. 905, 87 S.Ct. 215, 17 L. Ed.2d 135. See cases cited 97 A.L.R.2d 549, 556 (1964). The fact of counsel being present and having advised the defendant is a factor to be considered in determining the question of the need for or sufficiency of any admonition given by the court. See cases cited in Annot., 97 A.L.R.2d 549, 557 (1964). See State v. McCormick, 79 N.M. 22, 439 P.2d 239 (1968); State v. Tipton, 78 N.M. 600, 435 P.2d 430 (1967), and State v. Decker, 79 N.M. 41, 439 P.2d 559 (Ct.App.1968), being cases similar to this wherein the consequences had not been explained by the court to a defendant represented and advised by counsel. In each case it was held that the petitioner was not entitled to release because of any shortcomings in the information given by the court before accepting the plea. In the instant case we are constrained to hold similarly. In this connection we would note that no claim such as is here argued was set forth in petitioner's motion or amended motion, and no ruling on the question was invoked below. This would be sufficient basis, in and of itself, for us to overrule this point. In addition, the trial court made no finding on the subject, nor was one requested. Under the circumstances, we could well refuse to consider the point. State v. Martinez, 77 N.M. 745, 427 P.2d 260 (1967). However, in the light of the facts appearing in the record and the cases cited above we feel justified in ruling on the issue so as to foreclose it in future petitions that might be filed.

From the foregoing, it follows that the trial court did not err and its order denying petitioner relief is affirmed.

It is so ordered.

NOBLE, COMPTON and CARMODY, JJ., concur.

WOOD, Judge, Court of Appeals, dissenting.

WOOD, Judge, Court of Appeals (dissenting).

The questions involved in this case concern the proceeding at which a juvenile court relinquishes jurisdiction over a juvenile in order that criminal proceedings may be brought against the juvenile. Our statute, § 13–8–27, supra, states that the juvenile court may "certify such child for proper criminal proceedings * * *." The decisions refer to this action in several ways—as transfer, remand or waiver of jurisdiction. To avoid confusion, "transfer", is used herein as meaning the proceeding by which the juvenile is certified for criminal proceedings.

The majority opinion avoids a decision on the question of whether a juvenile has the right to counsel at a transfer hearing. It avoids this issue by holding that if this right exists, it was waived in this case. I disagree; I would hold there was a right to counsel and that the question of waiver is not reached because of a lack of jurisdiction.

In discussing the question of counsel at the transfer hearing, the majority opinion relies on Cradle v. Peyton, supra. Cradle declines to place the right to counsel on a constitutional basis, but indicates the right, where it has been held to exist, is a development in statutory law. I do not see how it can be a statutory right. Section 13–8–27, supra, contains no reference to counsel. Neither did the statute involved in Kent v. United States, supra. Both statutes are set out in 43 Wash. L.R. 639, note 12, page 641. Kent says:

"We believe that this result is required by the statute read in the context of con-

stitutional principles relating to due process and the assistance of counsel."

The right to counsel exists as a result of application of constitutional principles to the statute providing for the transfer.

Which constitutional principles? Kent refers to due process and assistance of counsel. However, constitutional provisions concerning right to counsel refer to a right to counsel in *criminal prosecutions*. U. S. Const. Amend. VI; N.M. Const. Art. II, § 14. State v. Acuna, 78 N.M. 119, 428 P.2d 658 (1967) held that the constitutional provision of "right to counsel" did not entitle a juvenile to counsel at the transfer proceeding because this proceeding was not a criminal proceeding.

Kent states that the transfer proceeding is "critically important" and must measure up to the essentials of due process. See Steinhauer v. State, supra. For the distinction between "due process" and "right to counsel" provisions, as applied in juvenile proceedings, compare the majority opinion of In re Gault, supra, with Justice Black's concurring opinion.

Section 13-8-27, supra, authorizes transfer after a "full investigation". This "full investigation" must measure up to the constitutional requirement of due process. To meet the essentials of due process, the juvenile, at least (a) must be afforded the right to be represented by counsel at the transfer hearing and (b) must be notified of the right to be represented and that if he is unable to afford counsel that counsel will be provided.

The majority opinion holds that the right to counsel at a transfer proceeding, if it exists, is waived by a failure to raise the right as an issue prior to arraignment in the criminal proceedings. I agree that rights may be waived by a plea in criminal proceedings. Further, I agree that in certain instances rights of a juvenile under the juvenile law may be waived by plea at arraignment. For example, misrepresentation or non-disclosure of a juvenile's age prior to arraignment results in waiver of rights under the juvenile act. State v. Superior Court of Pima County, 7 Ariz.App. 170, 436 P.2d 948 (1968); Sheppard v. Rhay, Wash., 440 P.2d 422 (1968).

In my opinion, however, the trial court did not have authority to accept the plea which, according to the majority, resulted in a waiver.

Trujillo v. Cox, 75 N.M. 257, 403 P.2d 696 (1965) states:

"Exclusive original jurisdiction over juveniles under 18 years of age is vested in the juvenile court by § 8, Ch. 205, Laws 1955 which has been amended and now appears as § 13-8-26, N.M.S.A. 1953. In those states having statutes similar to our own, it is commonly held that the trial courts are without jurisdiction to proceed against such a juvenile unless and until the juvenile court has transferred him to the trial court in the manner provided by statute."

See citations of decisions appearing in State v. Superior Court of Pima County, supra.

In this case Neller was not transferred in the manner provided by statute when the statute is read in the context of the requirements of due process. Neller did not have counsel at the transfer proceeding; the trial court specifically advised him that counsel would be provided only *after* he had been transferred.

Thus, under Trujillo v. Cox, supra, the trial court was without jurisdiction to proceed and was without jurisdiction to accept the plea which, according to the majority opinion, resulted in the waiver.

What is meant by "jurisdiction" in the Trujillo decision? Heckathorn v. Heckathorn, 77 N.M. 369, 432 P.2d 410 (1967), indicates there are three jurisdictional essentials: jurisdiction over the parties, jurisdiction over the subject matter and power or authority to decide the particular matter presented.

These jurisdictional essentials must be considered in relation to N.M. Const. Art. VI, § 13 which provides:

"The district court shall have original jurisdiction in all matters and causes not

excepted in this Constitution, and such jurisdiction of special cases and proceedings as may be conferred by law * * *."

Peyton v. Nord, 78 N.M. 717, 437 P.2d 716 (1968) teaches us that the juvenile court is a division of the District Court and that our Juvenile Code validly provides for special proceedings in the District Court. Juvenile proceedings were filed against Neller on the basis that he had violated a law of this state which would be a felony if committed by an adult. In this situation Peyton v. Nord states that "[i]t is only after facts required to vest jurisdiction have been found to be present that the exclusive original jurisdiction * * *" of the juvenile court (juvenile division of the District Court) attaches.

Since in this case the jurisdictional facts had not been determined, exclusive, original jurisdiction in the juvenile court had not attached and the District Court (distinct from its juvenile division) had jurisdiction of the subject matter. N.M. Const. Art. VI, § 13; Peyton v. Nord, supra. On the basis of the same authority, I am of the opinion that the District Court had jurisdiction of the person of Neller. Compare, however, State v. Superior Court of Pima County, supra, where under a similar constitutional provision, the Arizona court indicated there was absence of jurisdiction over the person in the criminal prosecution because there was "* * * no order refusing to suspend criminal prosecution in the juvenile court * * *."

Heckathorn v. Heckathorn, supra, illustrates the third jurisdictional essential—power or authority to decide the particular matter presented. There, the District Court did not have power to grant a divorce to plaintiff because she had not been a resident for the time required by our statute. This is the "jurisdiction" referred to in Trujillo v. Cox, supra.

In my view, the District Court did not have authority to proceed with the criminal proceedings against Neller because Neller had not been transferred from the juvenile to the criminal docket of the District Court

in the manner required by the statute authorizing such a transfer. This view is directly supported by Peyton v. French, 207 Va. 73, 147 S.E.2d 739 (1966), Dillenburg v. Maxwell, Wash., 422 P.2d 783 (1967) and Summers v. State, Ind., 230 N.E.2d 320 (1967). Inferential support appears in People ex rel. Terrell v. District Court in and for City & Co. of Denver, Colo., 435 P.2d 763 (1967) and in People ex rel. Rodello v. District Court in and for City & Co. of Denver, Colo., 436 P.2d 672 (1968). Shannon v. Gladden, 243 Or. 334, 413 P.2d 418 (1966) and State v. Briggs, 245 Or. 503, 420 P.2d 71 (1966) are not to the contrary. Shannon considered a statutory provision that differs from ours; Briggs was decided on a procedural point.

The majority opinion does not discuss the question of the District Court's "jurisdiction" in the criminal proceedings, but asks, "* * * what reason can be advanced to hold there was no waiver of such defect * * *?" In my view there is a reason for holding there was no waiver and that reason is that the District Court was without authority to proceed because of the failure to transfer Neller in the manner required by § 13–8–27 when the statute is considered in the context of due process.

The majority opinion also states:

"While we can agree that a procedure which results in a child receiving 'the worst of both worlds,' viz., adult and juvenile, is wrong and unsupportable, we see nothing that constitutionally requires anything more or better than is accorded an adult."

The legislature has provided a Juvenile Code which accords special rights to juveniles. We are not concerned here with the wisdom of this enactment. People ex rel. Rodello v. District Court in and for City & Co. of Denver, supra. One of the rights accorded to a juvenile is that he is not to be deprived of Juvenile Code benefits except as provided by that Code. Specifically, he is not to be transferred for criminal proceedings unless the transfer is in ac-

cordance with the statute providing for such a transfer. Kent v. United States, supra, holds that the statute providing for transfer must be read in the context of the constitutional principle of due process. The answer to the majority statement is that due process concepts applied to § 13-8-27 requires that he be afforded benefits not accorded to an adult.

For the above reasons, I dissent.

## OPINION ON MOTION
## FOR REHEARING

MOISE, Justice.

By motion for rehearing petitioner complains that the opinion filed in this case fails to specifically discuss and dispose of his arguments that he was entitled to relief from the sentence which he is serving because of the juvenile court's failure to advise (1) of his right not to incriminate himself; (2) of the powers of the court, including the right to set aside the natural guardianship right of a parent as provided in § 13-8-50, N.M.S.A.1953; and (3) of the right to cross examine witnesses against him. In addition, he complains that we did not note or rule on his argument that there had been no proper transfer because the proceedings held did not occur after a full investigation as required by § 13-8-27, N.M.S.A.1953.

A reading of the opinion filed will disclose that we did not overlook the points here reargued. In our view of the situation the question of entitlement to counsel was decisive. Having determined that upon arraignment in district court, after having had counsel appointed and after having had an opportunity to consult with him, it was incumbent on petitioner to promptly assert prior deprivation of counsel in the juvenile court transfer investigation or waive the right thereto, we were of the opinion that these additional arguments concerning shortcomings in the proceedings were thereby answered. However, we did not specifically say so. We do so now. In our view petitioner just as effectively waived the shortcomings in the transfer proceedings, if they were shortcomings, as he waived his right to counsel, when he did not assert the rights in the district court upon arraignment after counsel had been appointed and they had had an opportunity to consult. The motion for rehearing is denied.

NOBLE, COMPTON and CARMODY, JJ., concur.

WOOD, Judge, Court of Appeals, dissents.