446 P.2d 644

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Johnny SALAZAR and Joe Lucero,
Defendants-Appellants.**

**No. 8557.**

Supreme Court of New Mexico.

Nov. 4, 1968.

Carlos Sedillo, Albuquerque, for defendants-appellants.

Boston E. Witt, Atty. Gen., David R. Sierra and Gary O'Dowd, Asst. Attys. Gen., Santa Fe, for plaintiff-appellee.

OPINION

NOBLE, Justice.

Petitioners, Johnny Salazar and Joe Lucero, have appealed from the district court's denial of their Rule 93 motion for post-conviction relief from the judgment and sentence following their pleas of guilty to second-degree murder.

■ They were originally charged as juveniles and certified for proper criminal proceedings as adults in the district court pursuant to § 13–8–27, N.M.S.A.1953. Their first point, that the district court lacked jurisdiction over them because of failure of the record to disclose the orders of transfer from the juvenile court, is ruled against them. Following diminution of the record, the orders filed in the juvenile proceedings now appear in the record. Jurisdiction by the district court does not depend upon its possession of the order of transfer but rather upon the fact that the proper order was made. Trujillo v. Cox, 75 N.M. 257, 403 P.2d 696.

■ Because these petitioners were neither advised of their right to counsel nor given counsel during the juvenile proceedings, they urge that the district court was without jurisdiction over them. We cannot agree. Counsel was appointed to represent them in the district court, and did represent them at a preliminary hearing and at their arraignment in the district court where, with the advice of counsel, they each entered pleas of guilty to murder in the second degree. No objection was then made concerning the failure to provide counsel at the juvenile waiver hearing. Neller v. State (opinion filed August 12, 1968), 79 N.M. 528, 445 P.2d 949, holding that the entry of a plea at the arraignment in the district court, with the advice of counsel and without objection to the failure to provide counsel at the juvenile hearing, constitutes an effective waiver of the right to counsel at such juvenile proceedings, is controlling and requires our affirmance of the trial court's order denying post-conviction relief. The order will be affirmed and it is so ordered.

MOISE and COMPTON, JJ., concur.