761 P.2d 457

**Arturo S. CANDELARIA, Petitioner,**

v.

**The MIDDLE RIO GRANDE CONSERVANCY DISTRICT, a political subdivision of the State of New Mexico, Respondent.**

**No. 10,680.**

Court of Appeals of New Mexico.

July 14, 1988.

Frederick M. Mowrer, Jr., Albuquerque, Michael S. Sanchez, Los Lunas, for petitioner.

Thomas J. Griego, Behles & Davis, P.C., Albuquerque, for respondent.

## OPINION

DONNELLY, Chief Judge.

Plaintiff, Arturo Candelaria, filed suit against the Middle Rio Grande Conservancy District (District) for property damages arising out of a flood which occurred when the District's irrigation ditches broke. The District filed a motion for judgment on the pleadings, alleging immunity under the Tort Claims Act. The trial court denied the motion and certified for interlocutory appeal the question of governmental immunity and a question regarding the jurisdiction of the district court over the subject matter involved in the action.

This case poses the question of whether this court may properly accept jurisdiction over an application for interlocutory appeal which is untimely filed, or whether this court may enlarge the time for filing such an application. The interlocutory order which is the subject of this appeal was filed on May 16, 1988. On June 1, 1988, the District filed an application for interlocutory appeal with this court, sixteen days after the interlocutory order was entered and in excess of the time provided by law for filing such appeal.

The law clearly contemplates that an application for interlocutory appeal shall be filed within ten days of the date of filing the interlocutory order sought to be reviewed. SCRA 1986, 12–203; NMSA 1978, § 39–3–4(B). The law is also clear that acceptance of an interlocutory appeal is discretionary with the appellate court. *See* *State v. Hernandez,* 95 N.M. 125, 619 P.2d 570 (Ct.App.1980).

Under Section 39–3–4(B), the application was deemed denied on June 21 by operation of law. Because the issue has arisen in the

past and may arise again, we take this opportunity to explain why we have denied the application.

■ Interlocutory appeals are an exception to the rule that appeals may only be taken from final judgments and are designed to avoid unnecessary litigation and promote judicial economy. Attempts to reach an early and speedy disposition of a cause are favored, while at the same time piecemeal appeals are not favored. *See Springer Transfer Co. v. Board of Comm'rs,* 43 N.M. 444, 94 P.2d 977 (1939). *Cf. Montoya v. Anaconda Mining Co.,* 97 N.M. 1, 635 P.2d 1323 (Ct.App.1981). Application for appellate review of non-final orders is allowed only in limited circumstances when the district court certifies: (1) the order involves a controlling question of law on which there is substantial ground for difference of opinion; and (2) resolution of the question will materially advance the ultimate termination of the litigation. *See* § 39–3–4. The statute requires that the application be filed within ten days of the interlocutory order. District court certification, timely filing of the application and appellate court discretion in accepting the application all operate to ensure that the underlying purpose of interlocutory appeals is served. *See Nuclear Engineering Co. v. Scott,* 660 F.2d 241 (7th Cir.1981), *cert. denied,* 455 U.S. 993, 102 S.Ct. 1622, 71 L.Ed.2d 855 (1982); *see also* Note, *New Mexico's Analogue to 28 U.S.C. § 1292(b): Interlocutory Appeals Come to the State Courts,* 2 N.M.L.Rev. 113 (1972); Note, *Interlocutory Appeals in the Federal Courts Under 28 U.S.C. § 1292(b),* 88 Harv.L.Rev. 607 (1974–1975).

■ Appeals from interlocutory orders are subject to allowance only upon compliance with the provisions of Section 39–3–4. *See Miller v. City of Albuquerque,* 88 N.M. 324, 540 P.2d 254 (Ct.App.1975). Neither the statute nor rules authorize this court to entertain late applications for interlocutory appeals or extensions of time for filing late applications. Absent statutory authority or supreme court rule, appellate courts may not extend the time for appeal, even to relieve against mistake, inadvertence or accident. *See Hollister Convalescent Hosp., Inc. v. Rico,* 15 Cal.3d 660, 125 Cal.Rptr. 757, 542 P.2d 1349 (1975) (In Bank); *see also General Television Arts, Inc. v. Southern Ry. Co.,* 725 F.2d 1327 (11th Cir.1984).

■ The district courts, however, maintain jurisdiction over matters in which this court denies an application for interlocutory appeal. *State v. Hernandez.* Therefore, in appropriate circumstances, the district court may reconsider the issue and enter a second interlocutory order from which application for a timely interlocutory appeal may be made. In considering whether to recertify an order, the district courts should consider the purpose of Section 39–3–4, the delay caused by the late filing of the application and the circumstances which have transpired since the initial interlocutory order was entered, including any potential prejudice to the opposing party. *See In re Benny,* 812 F.2d 1133 (9th Cir.1987); *Nuclear Engineering Co. v. Scott.* Requests for recertification should not be granted routinely and are discretionary with the district court.

For the reasons stated above the application for interlocutory appeal is denied.

IT IS SO ORDERED.

ALARID and MINZNER, JJ., concur.