2004-NMCA-030

86 P.3d 645

**Jose PINCHEIRA, Olivia Pincheira, and Amy Marquez, Plaintiffs–Appellees,**

v.

**ALLSTATE INSURANCE COMPANY, Defendant–Appellant.**

**No. 22,760.**

Court of Appeals of New Mexico.

Jan. 30, 2004.

Certiorari Denied, No. 28,509, March 5, 2004.

David J. Berardinelli, Berardinelli & Associates, Santa Fe, NM, for Appellees.

Lisa Mann, Jennifer A. Noya, Modrall, Sperling, Roehl, Harris & Sisk, P.A., Albuquerque, NM, Bennett Evan Cooper, Jon T. Neumann, Steptoe & Johnson LLP, Phoenix, AZ, for Appellant.

**OPINION**

KENNEDY, Judge.

{1} Defendant Allstate Insurance Company filed a petition for a writ of error, asking this Court to review the trial court's order granting Plaintiffs' motion to compel Allstate to produce certain documents and denying Allstate's request for a protective order restricting the use and dissemination of those documents. We granted the writ of error to consider an important issue concerning the time for filing a petition for writ of error. We hold that Allstate's petition was not filed

within the time provided in Rule 12–503(C) NMRA 2003. Accordingly, we quash the writ of error. The motion for oral argument is denied.

## FACTUAL AND PROCEDURAL BACKGROUND

{2} In December 2000, Jose Pincheira and Olivia Pincheira sued Allstate and certain of its individual agents for insurance bad faith, fraud, constructive fraud, and other torts. Plaintiffs made requests for production of documents. After Allstate did not produce the documents, Plaintiffs filed a motion to compel. On October 30, 2001, the trial court held a hearing on Plaintiffs' motion to compel and ordered that Allstate produce the documents.

{3} On November 9, 2001, Allstate moved for reconsideration and for an evidentiary hearing. On November 13, 2001, the trial court filed an order compelling production. On December 7, 2001, the trial court heard argument on the motion for reconsideration and announced it was denying the motion and vacating the evidentiary hearing it had previously scheduled for Allstate.

{4} On December 14, 2001, thirty-one days after the November 13 order, Allstate filed its petition for writ of error. On December 18, 2001, the trial court entered an order denying reconsideration and denying the request for an evidentiary hearing. Once this Court granted Allstate's petition and assigned this case to the general calendar, the trial court entered an interim protective order that would be in effect for fourteen days after the completion of appellate review of the questions presented in the writ of error.

{5} Plaintiffs moved this Court to dismiss the petition for writ of error because it was not timely filed. For the reasons that follow, we grant the motion to dismiss and quash the writ of error.

## DISCUSSION

■ {6} Rule 12–503(C) provides that "a petition for writ of error shall be filed within thirty (30) days after the order sought to be reviewed is filed in the district court clerk's office." Plaintiffs argue that Allstate's petition for writ of error should be dismissed because it was filed one day late. Allstate

responds that the November order was not final until the trial court denied Allstate's motion for reconsideration.

{7} We hold that Rule 12–503 means what it says. "Absent statutory authority or supreme court rule, appellate courts may not extend the time for appeal, even to relieve against mistake, inadvertence or accident." *Candelaria v. Middle Rio Grande Conservancy Dist.,* 107 N.M. 579, 581, 761 P.2d 457, 459 (Ct.App.1988). Rule 12–503(C) does not contain any provision extending the time to appeal based upon the filing of a post-order motion seeking further review by the trial court. Applying Rule 12–503(C), we hold that Allstate's petition filed on December 14, 2001, was untimely, and that therefore we lack jurisdiction to entertain Allstate's petition seeking review of the November 13, 2001, order.

### Admonitions

■ {8} Because this Court does not have access to the record proper when we consider these petitions, we have allowed the parties to attach copies of relevant pleadings to their petitions when necessary to set the issue presented in the context of the litigation as a whole. Mr. Berardinelli filed voluminous attachments, the great majority of which were irrelevant to the issues presented in the petition. This creates unnecessary work for this Court and its staff. Mr. Berardinelli is admonished to limit attachments to relevant pleadings only. We also observe Mr. Berardinelli would be a more effective advocate if his briefs did not contain the frequent use of underlining and italics, sometimes both, to emphasize large portions of the material in the briefs; this style simply makes the briefs annoying and difficult to read.

{9} This admonition is directed to Lisa Mann and Jennifer Noya of Modrall, Sperling, Roehl, Harris & Sisk, P.A. The brief-in-chief written by Ms. Mann, Ms. Noya, with assistance from Bennett Evan Cooper and Jon T. Neumann of Steptoe and Johnson, does not address the issues in the petition for writ of error, although we are quashing the writ of error; instead it assumed that the documents were trade secrets in spite of the fact that the trial court had ruled that they

were not. It appears Ms. Mann and Ms. Noya misrepresented the issues that would be argued on appeal.

{10} Further, the rules of appellate procedure require counsel to cite New Mexico decisions. *See* Rule 12–213(A)(4) NMRA 2003. Allstate's brief-in-chief cites three New Mexico cases. It does not cite or discuss New Mexico decisions concerning trade secrets, or discovery, and it cites only one New Mexico decision concerning protective orders. In the future, counsel is directed to address New Mexico law on the issues raised on appeal.

## CONCLUSION

{11} The writ of error is QUASHED.

{12} **IT IS SO ORDERED.**

WE CONCUR: A. JOSEPH ALARID and CELIA FOY CASTILLO, Judges.