2004-NMCA-130

102 P.3d 107

**SYSTEMS TECHNOLOGY, INC.,**
**d/b/a Enchanted Log Homes,**
**Plaintiff–Appellant,**

**v.**

**Brian E. HALL and Stacy L. Knutson–Hall, husband and wife, M & T Mortgage Corporation, a foreign corporation, Defendants–Appellees.**

No. 24,090.

Court of Appeals of New Mexico.

Sept. 30, 2004.

der appealed from is a final order. *See Khalsa v. Levinson*, 1998–NMCA–110, ¶ 12, 125 N.M. 680, 964 P.2d 844 (explaining that whether an order is final "is a jurisdictional question that an appellate court is required to raise on its own motion"). We instructed the parties to file briefs addressing this concern, but only the Halls filed a brief. Although STI asked for and was granted an extension of time within which to file its brief, our records show that STI never filed a brief.

{3} We conclude the order appealed from is not a final order. We are unable to determine whether the district court intended to certify its order for interlocutory appeal, or to certify it as a final judgment pursuant to Rule 1–054(B)(1) NMRA. Whatever the court's intention, we conclude that (1) if the court intended to certify the order for interlocutory appeal, STI's application for leave to file such an appeal was untimely; and (2) if the court intended certification under Rule 1–054(B)(1), it abused its discretion. We therefore dismiss the appeal.

**BACKGROUND**

{4} This controversy stems from a purchase and sale agreement for the construction of a log cabin home on a parcel of land belonging to the Halls. Litigation began when "Systems Technology Inc., d/b/a Enchanted Log Homes" filed a complaint for foreclosure of a mechanic's lien on the home. STI's complaint averred that it had completed construction of the log cabin, and that the Halls refused to pay the balance due under the agreement. STI's complaint also named M & T Mortgage Corporation (M & T) as a defendant and sought a determination that its lien had priority over M & T's mortgage on the home.

{5} In response to the complaint, the Halls moved to dismiss the foreclosure action on the ground that STI did not timely request arbitration of the dispute as required by the purchase and sales agreement. The agreement's arbitration clause provided that "[a]ny controversy or claim arising our [sic] of or related to this contract, or the breach thereof, shall be settled by arbitration" and also that the "[c]laimant must initiate the De-

Joey B. Wright, Martin E. Threet, Martin E. Threet & Associates, Albuquerque, NM, for Appellant.

Mark A. Glenn, Moses, Dunn, Farmer & Tuthill, P.C., Albuquerque, NM, for Appellees.

*OPINION*

FRY, Judge.

{1} Plaintiff Systems Technology, Inc. (STI) appeals an order requiring STI to participate in an existing arbitration of a dispute with Bryan E. Hall and Stacey L. Knutson-Hall (the Halls). STI and the Halls disagree about whether another party, Arlin Pennington, is also bound by the contract that contains the arbitration clause. The district court referred part of the dispute to the arbitrator, including the issue of the identity of the parties to the arbitration agreement.

{2} The issues on appeal primarily concern the interpretation of the arbitration agreement. In the course of analyzing these issues, this Court questioned whether the or-

mand for Arbitration within fifteen (15) calendar days of the date the dispute arises."

{6} The district court denied the motion to dismiss, ordered the Halls to answer the complaint, and also directed the Halls to submit an arbitration demand for any counterclaims they intended to pursue against STI. In January 2003, the Halls submitted a demand for arbitration. The demand for arbitration is not part of the record on appeal; however, the parties appear to agree that although STI was the named party that initiated the foreclosure proceeding against the Halls in the district court, the Halls named "Arlin M. Pennington d/b/a Enchanted Log Homes" in their demand for arbitration and statement of counterclaims. There is no order in the record referring the matter to arbitration.

{7} In May 2003, STI filed a motion to stay arbitration. In the motion, STI also sought a determination of who is a proper party to the lawsuit. The Halls' response to that motion set out their contention that STI is "a shell corporation with insufficient assets to satisfy any judgment the Halls might obtain." According to the Halls, they sought to arbitrate claims against Pennington because "that is the party with whom the Halls believe they contracted."

{8} On June 13, 2003, the district court entered the order from which STI has tried to appeal. The order is entitled "Order Denying Plaintiff's Motion to Stay Arbitration and Compelling Arbitration," but the body of the order does not say anything about compelling arbitration; it simply states that STI's motion to stay arbitration should be denied and STI should be added as a respondent to the AAA arbitration involving *Hall v. Pennington d/b/a Enchanted Log Homes.* The order also contains certification language that we discuss in more detail below.

{9} STI immediately filed a notice of appeal from the order. Seventeen days later, STI filed an application for interlocutory appeal in this Court as an "alternative" to its notice of appeal. We denied the application and STI filed a motion to reconsider, to which it attached an August 13, 2003 letter from the district court to the parties indicating that the district court was under the impression its June 13, 2003 order was a final order. Shortly thereafter, this Court assigned this case to the general calendar and the parties filed their briefs.

## DISCUSSION

{10} The June 13, 2003 order from which STI appeals *contains* ambiguous language apparently attempting to permit an immediate appeal. On the one hand, the order states that "this matter involves a controlling question of law as to which there is substantial ground for difference of opinion, [and] that an immediate appeal from this Order may materially advance the ultimate termination of this litigation," which is the language required to certify an order for interlocutory appeal. NMSA 1978, § 39-3-4(A) (1999). On the other hand, the order also states "there is no just reason for delay of the entry of this Order," which is the language certifying an order for immediate appeal as of right under Rule 1-054(B)(1). *But see Khalsa,* 1998-NMCA-110, ¶ 18, 125 N.M. 680, 964 P.2d 844 (observing that courts have generally interpreted Rule 1-054(C)(1) (since renumbered as Rule 1-054(B)(1)) "to require both an express determination that there is no just reason for delay *and* an express direction for entry of judgment" (emphasis added)). We first address the finality of the order in question and we then consider in turn the effect of each type of certification.

### Finality of the June 13, 2003 Order

{11} "An order is not considered final unless all issues of law and fact have been determined and the case disposed of by the trial court to the fullest extent possible." *In re Estate of Griego,* 2000-NMCA-022, ¶ 13, 128 N.M. 676, 997 P.2d 150. Here it appears that the hierarchy of liens as between STI and M & T was not referred to arbitration, and therefore it remained for the district court to decide. As the Halls point out in their supplemental brief, this issue cannot be determined until the arbitration has resolved several preliminary matters, including whether there was an agreement between the Halls and STI, and whether STI has a valid mechanics lien.

{12} In addition, the parties' actions following entry of the June 13, 2003 order suggest that they viewed the order as non-final. For example, on June 13, 2003, the same day as the order denying the motion to stay arbitration, the district court granted the Halls' motion to extend a discovery deadline and to vacate a trial setting. On June 23, 2003, the Halls filed a motion for summary judgment on Plaintiff's foreclosure complaint. All of this activity suggests that the district court and the parties believed there were issues that remained for the district court to decide.

■ {13} Although we do not have the benefit of a supplemental brief from STI, it appears STI would rely on the August 13, 2003 letter from the district judge that STI attached to a pleading filed in this Court. In that letter the district judge stated, "In light of the fact that I believe I ordered the whole case to arbitration when STI was added to the arbitration order, I believe the direct appeal to the Court of Appeals has divested me of jurisdiction to proceed." This letter is inconsistent with the June 13, 2003 order, which included language consistent with an attempt to certify a non-final order for appeal. In addition, the letter is not in the record filed in this Court. *See State v. Reynolds,* 111 N.M. 263, 267, 804 P.2d 1082, 1086 (1990) ("Matters outside the record present no issue for review."). Therefore, because we cannot rely on the August 13, 2003 letter, and because there appear to be substantive issues as yet undecided by the district court, we conclude that the June 13, 2003 order was not final for purposes of appeal. We now turn to a consideration of the district court's attempts to certify the order for appeal.

**STI's Application for Interlocutory Appeal Was Untimely**

■ {14} When a district court certifies an order for interlocutory appeal, the appealing party must seek permission from the appellate court for leave to file an appeal by filing an application within fifteen days of entry of the order in district court. Rule 12–203(A) NMRA. Assuming the district court intended to certify its order for interlocutory appeal, STI did not file an application for

interlocutory appeal in this Court until June 30, 2003, seventeen days after the filing of the district court's order. "Neither the statute nor rules authorize this court to entertain late applications for interlocutory appeals or extensions of time for filing late applications." *Candelaria v. Middle Rio Grande Conservancy Dist.,* 107 N.M. 579, 581, 761 P.2d 457, 459 (Ct.App.1988). Moreover, this Court denied STI's application on July 30. We therefore conclude that STI's attempt to perfect an interlocutory appeal was unavailing.

**The District Court Abused Its Discretion In Certifying the Order Under Rule 1–054(B)(1)**

■ {15} If the district court properly certified its June 13, 2003 order pursuant to Rule 1–054(B)(1), then STI's notice of appeal filed on the same day was timely. *See* Rule 12–201 NMRA (stating that notice of appeal must be filed within thirty days of the order appealed from). Rule 1–054(B)(1) provides that "when more than one claim for relief is presented in an action, ... the court may enter a final judgment as to one or more but fewer than all of the claims only upon an express determination that there is no just reason for delay." We review a certification under this rule for abuse of discretion. *Khalsa,* 1998–NMCA–110, ¶ 20, 125 N.M. 680, 964 P.2d 844. A court abuses its discretion "when the issues decided by the judgment are intertwined, legally or factually, with the issues not yet resolved, or when resolution of the remaining issues may alter or revise the judgment previously entered." *Id.*

■ {16} Here the issues referred to arbitration—which, according to the Halls, include (1) whether there was an agreement between the Halls and STI, (2) whether STI was properly licensed, (3) whether STI has a valid mechanics lien, (4) the amount of any lien, and (5) whether STI is entitled to foreclose its lien—are intertwined with the issue remaining in the district court, which is the priority of M & T's mortgage. For example, if the arbitrator concludes that STI has a valid lien subject to foreclosure, then the district court will have to determine, as be-

tween STI and M & T, whose lien has priority. Thus, if we were to decide the issues raised in the present appeal, we may well have to consider a second appeal when the arbitration is completed and the district court rules on the pending issue before it. In light of our strong policy disfavoring piecemeal appeals, *Valley Improvement Association v. Hartford Accident & Indemnity Co.*, 116 N.M. 426, 429, 863 P.2d 1047, 1050 (1993), we hold the district court abused its discretion in certifying its June 13, 2003 order under Rule 1–054(B)(1).

## CONCLUSION

{17} Having determined that the June 13, 2003 order is not a final, appealable order, we hereby dismiss this appeal.

{18} **IT IS SO ORDERED.**

WE CONCUR: MICHAEL D. BUSTAMANTE and IRA ROBINSON, Judges.