2005-NMCA-040

110 P.3d 526

**STARKO, INC., et al., Plaintiffs–Appellees,**

v.

**CIMARRON HEALTH PLAN, INC., Lovelace Health Systems, Inc., and Presbyterian Health Plan, Inc., Defendants–Appellants.**

No. 24,344.

Court of Appeals of New Mexico.

Feb. 16, 2005.

Certiorari Denied, No. 29,120, April 12, 2005.

Charles R. Peifer, Jane Wishner, Peifer, Hanson & Mullins, P.A., Sealy H. Cavin, Jr., Stephen D. Ingram, Cavin & Ingram, P.A., Albuquerque, NM, for Appellees.

Lisa Mann, Jennifer A. Noya, Modrall, Sperling, Roehl, Harris & Sisk, P.A. Albuquerque, NM, for Appellants Cimarron Health Plan, Inc.

John A. Bannerman, Bannerman & Williams, P.A., Albuquerque, NM for Appellants Lovelace Health Systems, Inc.

John B. Pound, Herrera, Long, Pound & Komer, P.A., Santa Fe, NM, for Appellants Presbyterian Health Plan, Inc.

## OPINION

BUSTAMANTE, Chief Judge.

{1} This is an appeal brought on behalf of three managed care organizations, Cimarron Health Plan, Inc., Lovelace Health Systems, Inc., and Presbyterian Health Plan, Inc. (MCOs). The MCOs appeal the district court's "new class certification order" filed September 24, 2003.

{2} The specific issue we address is whether an appeal of a grant or denial of class certification under Rule 1–023(F) NMRA is available in a class action where the rule became effective after the original suit was filed, but before the appealing defendants became parties in the case. Because Article IV, Section 34 of the New Mexico Constitution bars the application of a new court rule to a pending case, we hold that Rule 1–023(F) is not available to Defendants, and we dismiss.

## FACTS AND PROCEDURAL HISTORY

{3} Plaintiffs are a class of pharmacists/pharmacies participating in the New Mexico Medicaid program. Plaintiffs filed a class action lawsuit in 1997 against the Human Services Department and other state actors alleging that pharmacies were not being properly reimbursed for filling Medicaid recipients' prescriptions under the Public Assistance Act, NMSA 1978, § 27–2–16(B) (1984). After a hearing on Plaintiffs' motion to certify the class, the district court granted class certification. The court filed the original class certification on October 20, 1999. In June 2000, the district court granted Plaintiffs' motion for partial summary judgment, finding, among other things, that Section 27–2–16(B) was a mandatory provision that could not be contracted away; it applied to Medicaid managed care; and the state defendants must set up the Medicaid managed care system so that the MCOs comply with the statute.

{4} Following a status conference in October 2000, the district court directed Plaintiffs to add the MCOs as indispensable parties. Plaintiffs filed their Second Amended Complaint naming the MCOs as Defendants in February 2001. In December 2000, Rule 1–023(F) (allowing discretionary appeals of class certification decisions) became effective. In August 2002, each MCO filed a motion to decertify the class. After briefing and argument on the motions, the district court entered a letter ruling in June 2003 denying the decertification motions. The parties were unable to agree on a form of order and a presentment hearing was held in July 2003. At that time, the district court denied the MCOs' request to make findings as required by NMSA 1978, § 39–3–4 (1999) to allow for an interlocutory appeal. The district court further clarified that the order at issue was a denial of the MCOs' motions to decertify, and under these unique circumstances may be construed as a new class certification as to the MCO defendants. The district court entered its order denying the decertification motions on September 24, 2003, and the MCOs appealed.

## ANALYSIS

{5} The MCOs raise three issues on appeal. The MCOs contend that (1) the September 24, 2003, new class certification order from which this appeal is taken, meets the criteria for appellate review pursuant to Rule 1–023(F); (2) the district court's new certification order violates the MCOs' constitutional rights; and (3) the Plaintiffs cannot satisfy the requirements for class certification under Rule 1–023 as to the MCOs. Because we find that this Court does not have jurisdiction

under Rule 1–023(F), we address only the application of Article IV, Section 34 of the New Mexico Constitution to Rule 1–023(F) as applied to this case, and dismiss. Because our decision to dismiss is based solely on the interpretation and applicability of a procedural rule, we leave unanswered other issues raised by the MCOs that may, at a later time, come before this Court.

## Standard of Review

■ {6} Interpretation of the applicability of Article IV, Section 34 of our state constitution to a supreme court rule is a question of law, which we review de novo. *Hyden v. N.M. Human Servs. Dep't,* 2000–NMCA–002, ¶ 12, 128 N.M. 423, 993 P.2d 740.

## Discussion

■ {7} We begin by reviewing the relevant provision of the constitution and case law interpreting it. Article IV, Section 34 of the New Mexico Constitution provides that "[n]o act of the legislature shall affect the right or remedy of either party, or change the rules of evidence or procedure, in any pending case." This constitutional provision applies to court rules as well. *See Marquez v. Wylie,* 78 N.M. 544, 546, 434 P.2d 69, 71 (1967) (stating that "the rules of court had no different effect than statutes enacted by the legislature, and that art. IV, § 34, be considered applicable to rules as well as statutes"). The Supreme Court in *Stockard v. Hamilton,* 25 N.M. 240, 245, 180 P. 294, 295 (1919), summarized the purpose of the provision and the meaning of "pending case" as follows:

It has been held that a case is pending from the time it is instituted until the judgment has been satisfied; that a case is pending, although it has been stricken from the docket; that a case is pending until finally disposed of, and in a divorce action it is pending as long as the parties thereto survive.... The definitions of a pending case vary with the construction of each particular statute. We have been unable to find a constitutional provision like our own. The word "pending," according to Webster and Century Dictionary, means "depending," "remaining undecided," "not terminated," and this meaning of the word should be adopted in this connection. The evident intention of the Constitution is to prevent legislati[ve] interference with matters of evidence and procedure in cases that are in the process or course of litigation in the various courts of the state, and which have not been concluded, finished, or determined by a final judgment.

(Internal citations omitted).

{8} Since *Stockard* was decided, our courts have had occasion to interpret the meaning of whether or not a case was "pending" under Article IV, Section 34. For example, in *Marquez,* the Court held that a rule change extending the time for filing a motion for a new trial from ten to twelve days did not apply to a case that was originally filed prior to the enactment date of the new rule, even though the rule was in effect at the time of filing the motion for a new trial. 78 N.M. at 546, 434 P.2d at 71. In *DiMatteo v. County of Dona Ana,* 109 N.M. 374, 376–77, 785 P.2d 285, 287–88 (Ct.App.1989), this Court addressed the issue of jurisdiction of the Workers' Compensation Division to hear claims being reopened for increased benefits, that were originally filed prior to the Division's creation. Applying Article IV, Section 34, the Court held that the provision that all workers' compensation claims were to be filed with the Workers' Compensation Division only applied to claims filed for the first time after the Division was created, and not to claims being reopened to adjust benefits. *Id.* at 377, 785 P.2d at 288. This Court addressed the issue again in *Elephant Butte Irrigation Dist. v. Regents of N.M. State Univ.,* 115 N.M. 229, 236, 849 P.2d 372, 379 (Ct.App.1993), holding that the case was pending from the time the original complaint was filed, even after state court jurisdiction was suspended following removal to federal court. Thus, even when state court jurisdiction was temporarily suspended, the case was still considered "pending." *See also Gray v. Armijo,* 70 N.M. 245, 253, 372 P.2d 821, 827 (1962) (holding that case filed after enactment of statute was not pending, even though triggering event occurred prior to enactment of statute); *Brown v. Bd. of*

*Educ.*, 81 N.M. 460, 461, 468 P.2d 431, 432 (Ct.App.1970) (holding that where original filing of case preceded enactment of statute that changed appeal procedure, an old statute in effect at the time the case was filed governs because case was pending when a new statute was enacted).

■ {9} There is no discussion in the case law about the pendency of a case being dependent upon when parties entered a lawsuit. The general rule derived from the case law is that a case is pending once it is filed, or where the district court or administrative agency retains jurisdiction, but is no longer pending once a final decision is entered in a case and the court or agency no longer has jurisdiction, regardless of who the parties are or when they joined the litigation.

■ {10} With this understanding of Article IV, Section 34, we now turn to the rule allowing appeals from class certification decisions. Rule 1–023(F) provides that: "The Court of Appeals may in its discretion permit an appeal from an order of a district court granting or denying class action certification under this rule if application is made to it within ten (10) days after entry of the order." The rule became effective in December 2000, after the original lawsuit was filed in this case, but before the MCOs were added as Defendants.

{11} The MCOs advance several arguments in support of their position that Rule 1–023(F) applies, and that this Court has jurisdiction. We address each argument in turn. The MCOs first argue that since they were not added as parties to the case until after the enactment of Rule 1–023(F), the case was not "pending" as to them when the rule became effective. The MCOs cite to no authority in support of the proposition that the phrase "pending case" refers to parties in the lawsuit, rather than the case itself. We acknowledge that this case presents an unusual situation for the MCOs. If Rule 1–023(F) does not apply in this case, the MCOs are uniquely denied any recourse under the rule. At the presentment hearing, the district court denied the MCOs' request to make findings as required by Section 39-3-4 that would allow the MCOs to request an interlocutory appeal. The district court stated, "[a]nd I think that's where the right of appeal is going to lie with 23–F." The MCOs did not have an opportunity to challenge the original class certification because they were not parties to the case at the time that certification was granted. With Rule 1–023(F) being inapplicable, the MCOs are not able to appeal the new certification order under the rule.

■ {12} Although the MCOs make an attractive argument, it fails for two reasons. First, the primary rule of construction is that, when possible, we give effect to the clear and unambiguous language of the constitutional provision, the goal being "to give effect to the intent and objectives of the framers." *State v. Isaac M.*, 2001–NMCA–088, ¶ 5, 131 N.M. 235, 34 P.3d 624. The plain language of Article IV, Section 34 indicates that it applies to "any pending case" and makes no reference to "parties" in the case. To interpret the provision to apply to parties in the case is inconsistent with our rules of construction. It puts language into the constitution that is not there, is inconsistent with case law interpreting the constitutional provision, and is inconsistent with the intent of the provision.

{13} Second, as stated in *Stockard*, 25 N.M. at 245, 180 P. at 295, the intent of the provision is to prevent interference with cases that are in the process of litigation and not yet determined by final judgment. The aim is to avoid having changes in the procedural rules governing a case while the case is still pending. To have different procedural rules apply to different parties throughout litigation, as the MCOs suggest, would be grossly contrary to the goals of consistency.

{14} This ties in closely with the MCOs' next argument, which is that to treat this case as "pending" as to the MCOs would not advance the purpose that Article IV, Section 34 was designed to serve. The MCOs claim the purpose of Article IV, Section 34 is to prevent interference with cases during the course of adjudication through the adoption of rules that effectively "decide the merits of [the] consolidated cases under the guise of changing the procedure" to be applied. *In re Held Orders of U.S. West Communications,*

*Inc.*, 1999–NMSC–024, ¶¶ 14, 16, 127 N.M. 375, 981 P.2d 789. According to the MCOs, Rule 1–023(F) does not work the type of change in procedure that the constitutional provision aims to prohibit, and only affects the appeal procedure in a de minimis way. Prior to the adoption of Rule 1–023(F), class certification orders were reviewable by discretionary, interlocutory appeal. *See Ridley v. First Nat'l Bank*, 87 N.M. 184, 185, 531 P.2d 607, 608 (Ct.App.1974). Similarly, Rule 1–023(F) provides for discretionary review. The MCOs argue that the difference in the appeal procedures between an interlocutory appeal and a Rule 1–023(F) is minimal, and does not offend the purpose of the constitutional provision.

{15} This argument also fails. Rule 1–023(F) allows an appeal of a district court order granting or denying class certification at the discretion of the Court of Appeals. Prior to enactment of the rule, appeals from the grant or denial of class certification were by interlocutory appeal. Interlocutory appeals require the district court to issue an interlocutory order pursuant to Section 39–3–4. One major difference between the two procedures is that there are two layers of discretion in interlocutory appeals. The district court has discretion in issuing an interlocutory order or decision, and the appellate court has discretion in granting or denying the appeal. Interlocutory appeals also require the existence of a substantial difference of opinion on a controlling issue of law and that immediate appeal would substantially advance the resolution of the case. Section 39–3–4. Under Rule 1–023(F), the discretion lies solely with the Court of Appeals. Contrary to the MCOs' argument, we do not find this difference to be de minimis. We believe this is precisely the type of procedural change the constitution sought to prevent, and is similar to the changes in procedure we discussed in *Marquez* and *Brown*. If we were to adopt the MCOs' argument, the procedure for appellate review in this case would vary by party in the same lawsuit. And, as applied to future cases, different procedural rules could apply to different parties in a case, depending on when the parties joined the lawsuit. This is the type of inconsistency the constitution sought to prevent, and we find that the purpose of the constitution is upheld by holding Rule 1–023(F) inapplicable in this case.

{16} The MCOs next argue that Rule 1–023(F) applies because where the Supreme Court has wished to make amendments to the Rules of Civil Procedure apply only to cases filed after a certain date, it has explicitly done so. The MCOs rely on the revision of Rule 1–068 NMRA, "Offer of settlement," as an example, where the Supreme Court expressly indicated the rule was "effective for cases filed on or after August 1, 2003." Vol. 42, No. 26, SBB 11. Our Supreme Court has addressed and rejected this exact argument in *Marquez*. The Court in *Marquez*, 78 N.M. at 547, 434 P.2d at 72 stated, "[w]e decline to imply . . . that the omission of the words 'filed in the district court after . . .' was intended by us to have any particular meaning." In other words, omission of the language "effective date," or language in the rule that says the rule applies to cases filed after a certain date, cannot be given a particular meaning as argued by the MCOs. While it is true that the Supreme Court could have indicated that Rule 1–023(F) applies to cases filed after a certain date, its failure to do so is of no significance.

{17} Finally, the MCOs' reliance on federal case law in determining the applicability of Rule 1–023(F) is misplaced. Cases interpreting the federal counterpart to the New Mexico Rules of Civil Procedure are often instructive, but that is not the case here because there is no federal counterpart to Article IV, Section 34.

## CONCLUSION

{18} In sum, we find that this case was pending within the meaning of the N.M. Const. art. IV, § 34 at the time Rule 1–023(F) became effective, and therefore, appeal under the rule is not available to the MCOs. This Court does not have jurisdiction under Rule 1–023(F) to hear this appeal, and we therefore dismiss.

{19} **IT IS SO ORDERED.**

WE CONCUR: A. JOSEPH ALARID and CYNTHIA A. FRY, Judges.