This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**MELVIN A. ELKINS, JR. and**
**WANDA L. ELKINS,**

Plaintiffs-Appellants,

v.                                                                                          **NO. 30,683**

**WATERFALL COMMUNITY WATER**
**USERS ASSOCIATION,**

Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF OTERO COUNTY**
**James Waylon Counts, District Judge**

David McNeill, Jr.
Las Cruces, NM

for Appellants

Jefferson R. Rhodes
Alamogordo, NM

for Appellee

**MEMORANDUM OPINION**

**KENNEDY, Judge.**

Plaintiffs appeal from an order denying their motion for summary judgment and

granting Defendant's motion for partial summary judgment. [RP 485] We proposed to dismiss in a notice of proposed summary disposition because Defendant's counterclaims remained outstanding. Plaintiffs filed a memorandum in opposition which we have duly considered. We remain of the opinion that Plaintiffs' appeal is not sufficiently final and thus dismiss the appeal.

As discussed more fully in our previous notice, the right to appeal is usually restricted to final judgments and decisions. *See* NMSA 1978, § 39-3-2 (1966); *Kelly Inn No. 102, Inc. v. Kapnison*, 113 N.M. 231, 234-40, 824 P.2d 1033, 1036-42 (1992). "For purposes of appeal, an order or judgment is not considered final unless all issues of law and fact have been determined and the case disposed of by the trial court to the fullest extent possible." *B.L. Goldberg & Assocs. v. Uptown, Inc.*, 103 N.M. 277, 278, 705 P.2d 683, 684 (1985).

In the order granting Defendant's motion for partial summary judgment, the district court found that Plaintiffs only own the water rights on the land that they also own because ownership of the water has not, and can not, be severed from ownership of the land. [RP 485] The court made no findings as to exactly who owns the remainder of the water rights or the water distribution system. [RP 485-486] It also made no determination on Defendant's counterclaims that Plaintiffs have failed to pay for their use of the water distribution system and other claims involving Plaintiffs'

allegedly wrongful actions in connection with the water rights and the water distribution system. [RP 117-119, 486] Instead, the order indicates that Defendant's counterclaims will proceed to trial. [RP 486]

Based upon the outstanding counterclaims, we proposed to dismiss Plaintiffs' appeal for lack of a sufficiently final order. *See Govich v. North Am. Sys., Inc.*, 112 N.M. 226, 229, 814 P.2d 94, 97 (1991) (stating that an order dismissing fewer than all of the claims generally is not "a final order from which appeal properly may be taken"); *Watson v. Blakely*, 106 N.M. 687, 691, 748 P.2d 984, 988 (Ct. App. 1987) (stating that "[a]n order disposing of the issues contained in the complaint but not the counterclaim is not a final judgment"), *overruled on other grounds by Kelly Inn No. 102, Inc.*, 113 N.M. at 239, 824 P.2d at 1041. We proposed to dismiss because resolving the issues raised in Plaintiffs' appeal before trial on the counterclaims would be contrary to this Court's policy against fragmenting issues and piecemeal appeals. *See Kelly Inn No. 102*, 113 N.M. at 239, 824 P.2d at 1041.

In their memorandum in opposition, Plaintiffs claim that we should consider the merits of their appeal because it pertains to the underlying issue in the case which is whether Plaintiffs own the water rights or whether Defendant owns them in trust. [MIO 3] They claim that the issue raised in their appeal, whether separate ownership of water rights and the real estate to which those rights are beneficially applied

constitutes a "severance" under New Mexico law, underlies the entire case and is determinative of all other claims. [MIO 2] Thus, they contend that their appeal is sufficiently final if the substance of that judgment is considered. [MIO 3-7] We disagree.

First, even though Plaintiffs may eventually prevail, the district court's decision does not practically dispose of the merits of the action [MIO 4] because Defendant's counterclaim for damages remains outstanding. *See Board of Trustees of Village of Los Ranchos de Albuquerque v. Sanchez*, 2004-NMCA-128, ¶ 6, 136 N.M. 528, 101 P.3d 339 (noting that "[w]hen the issue of damages remains, the order or judgment has not practically disposed of the merits of the case," and "New Mexico courts adhere to the rule that an order or judgment is not final for purposes of appeal if the issue of damages is outstanding"). Therefore, contrary to Plaintiffs' contentions, this case is not practically final even though Plaintiffs' ultimate success might negate the need for trial on Defendant's counterclaim because the determination of Defendant's counterclaim for damages is not "more or less ministerial." [MIO 4] *See id.* ¶ 11 (rejecting the respondents' argument urging this Court to "interpret the rule of finality practically rather than technically" based on their contentions that "they have a strong case on the merits and the issue of damages will not be examined if they are successful in [the] appeal" because a judgment or order that fails to resolve damages is neither

final nor within the "twilight zone of finality").

Finally, to the extent Plaintiffs may be correct that resolution of the issues raised in their appeal may be dispositive on the entire case, their appeal may have been appropriate for interlocutory appeal. *See* NMSA 1978, § 39-3-4 (1999); Rule 12-203 NMRA. However, Plaintiffs did not comply with the requirements set forth in Section 39-3-4 and Rule 12-203. In any application for interlocutory appeal, the order appealed must contain the necessary certification language. *See* § 39-3-4(A) (stating that an order certifying a matter for interlocutory appeal must contain language that the matter "involves a controlling question of law as to which there is substantial ground for difference of opinion and an immediate appeal from this order may materially advance the ultimate termination of the litigation"). However, Plaintiffs failed to obtain an order containing the requisite language, and therefore interlocutory review would be improper. *See generally State v. Lobato*, 2006-NMCA-051, ¶ 38, 139 N.M. 431, 134 P.3d 122 (recognizing that incorporation of the mandated certification language is required to permit interlocutory review). Moreover, the case is not appropriate for interlocutory review because Plaintiffs failed to file an application or their notice of appeal within fifteen days. *See* § 39-3-4(B); Rule 12-203(A); *Systems Technology, Inc. v. Hall*, 2004-NMCA-130, ¶ 14, 136 N.M. 548, 102 P.3d 107 (holding that the plaintiff's attempt to perfect an interlocutory appeal failed

because it failed to file its application until seventeen days after the filing of the district court's order).

**CONCLUSION**

Based upon the foregoing, we remain of the opinion that resolution of the issues raised in Plaintiffs' appeal would be premature.  Therefore, for the reasons set forth above and in our notice of proposed summary disposition, we dismiss Plaintiffs' appeal because it is not sufficiently final for purposes of appeal.

**IT IS SO ORDERED**.


_____
**RODERICK T. KENNEDY, Judge**

**WE CONCUR**:


_____
**CYNTHIA A. FRY, Judge**


_____
**MICHAEL E. VIGIL, Judge**