This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports.  Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions.  Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

    Plaintiff-Appellee,

v.                                                     **No. A-1-CA-37263**

**TERRA S.,**

    Child-Appellant.

**APPEAL FROM THE DISTRICT COURT OF TAOS COUNTY**
**Jeff McElroy, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM
Jane A. Bernstein, Assistant Attorney General
Albuquerque, NM

for Appellee

Bennett J. Baur, Chief Public Defender
B. Douglas Wood III, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**VARGAS, Judge.**

**{1}**    Child seeks review of the district court's denial of her motion to dismiss by interlocutory appeal. Because her application for interlocutory appeal was not timely filed in this Court we dismiss.

## BACKGROUND

**{2}**    The State of New Mexico filed a delinquency petition against Terra S., a minor (Child), on January 5, 2018. Child made her first appearance on January 8, 2018, and

the district court ordered that she be detained until future proceedings were complete. On January 19, 2018, the State filed a notice of intent to invoke an adult sentence against Child. Following two failed attempts to hold a preliminary hearing, the State withdrew its notice of intent to invoke an adult sentence on February 28, 2018, and the district court placed Child on conditional release. On March 9, 2018, Child filed a motion to dismiss, arguing that the case had exceeded the allowable number of days for the prosecution of a juvenile petition and that the matter therefore should be dismissed. The district court held a hearing on the motion on March 26, 2018, during which it orally denied Child's motion to dismiss.

**{3}** The next day, Child sought an order from the district court permitting an interlocutory appeal of the district court's denial of Child's motion to dismiss. On March 30, 2018, the district court granted Child's motion for interlocutory appeal finding that the case "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from such order or decision may materially advance the ultimate termination of the litigation." That same day, the district court entered a written order denying Child's motion to dismiss. On April 3, 2018, Child filed a notice of interlocutory appeal in the district court, and later on April 9, 2018, filed an application for leave to file an interlocutory appeal and a docketing statement, both in the district court. On May 1, 2018, thirty-two days after the district court entered the denial of child's motion to dismiss and granted Child's motion for interlocutory appeal, Child filed an application for leave to file a docketing statement in this Court.

## DISCUSSION

**{4}** The Children's Code, NMSA 1978, Section 32A-1-17(A) (1999), provides that any party may appeal from a judgment of the children's court division of the district court to the court of appeals "in the manner provided by law." *See* NMSA 1978, Section 32A-1-4(D) (2016, amended 2019) (defining "court" as used in the Children's Code). The "manner provided by law" for an interlocutory appeal of a decision made in a delinquency proceeding was the subject of some debate in the district court. Under NMSA 1978, Section 39-3-4(A) (1999), which governs interlocutory appeals from district court, a district court judge in a civil action or special statutory proceeding must state in writing that the decision he or she made "does not practically dispose of the merits of the action" and "involves a controlling question of law as to which there is substantial ground for difference of opinion" before an interlocutory appeal can be taken. The appellant then must file "an application for an order allowing an appeal," along with a copy of the district court decision, in the supreme court or court of appeals within fifteen days of the entry of the district court's decision. Section 39-3-4(B). Juvenile delinquency proceedings, are considered special statutory proceedings, also referred to as "special proceedings." *See State v. Florez*, 1931-NMSC-068, ¶¶ 1, 4, 36 N.M. 80, 8 P.2d 786 (recognizing that a proceeding sentencing a minor who pleaded guilty to larceny was a statutory and special proceeding); *see also State v. Acuna*, 1967-NMSC-090, ¶ 9, 78 N.M. 119, 428 P.2d 658 (acknowledging holding of *Florez* that juvenile proceedings are "special statutory proceedings" as opposed to criminal proceedings); *see also State v.*

*Jones*, 2010-NMSC-012, ¶ 13, 148 N.M. 1, 229 P.3d 474 (stating that an amenability hearing is a "special proceeding").

**{5}** In this case, however, the district court appears to have relied largely on NMSA 1978, Section 39-3-3(A) (1972) in making its decision. Section 39-3-3(A)(3) governs criminal appeals from district court and requires the appellant to file an application for an order allowing interlocutory appeal "in the appropriate appellate court within ten days after the entry of" the district court's decision, provided the district court makes a finding that the decision "involves a controlling question of law as to which there is substantial ground for difference of opinion." Section 39-3-3(A)(3).

**{6}** Our rules of appellate procedure provide that an interlocutory appeal may only be taken from a decision provided the district court issues an order containing the language enumerated in Section 39-3-3(A)(3) or Section 39-3-4(A) and the appellant initiates the appeal "by filing an application for interlocutory appeal *with the appellate court clerk within fifteen (15) days* after the entry of such order in the district court." Rule 12-203(A) NMRA (emphasis added). "Neither the statute nor rules authorize this [C]ourt to entertain late applications for interlocutory appeals or extensions of time for filing late applications." *Systems Technology, Inc., v. Hall*, 2004-NMCA-130, ¶ 14, 136 N.M. 548, 102 P.3d 107 (internal quotation marks and citation omitted). Upon receiving a timely filed application for interlocutory appeal, the appellate court may then grant or deny the application, and if it is granted, the case may be assigned to a calendar. *See* Rule 12-203(F) NMRA; *Starko, Inc. v. Cimarron Health Plan, Inc.*, 2005-NMCA-040, ¶ 15, 137 N.M. 310, 110 P.3d 526 ("[T]here are two layers of discretion in interlocutory appeals. The district court has discretion in issuing an interlocutory order or decision, and the appellate court has discretion in granting or denying the appeal.").

**{7}** It is undisputed that Child filed her application for leave to file an interlocutory appeal in this Court well beyond the fifteen-day deadline specified under Section 39-3-4, and Rule 12-203. Therefore, Child has failed to meet the mandatory precondition to the exercise of our subject matter jurisdiction over her interlocutory appeal. Furthermore, it appears from the record that this Court never granted Child's request to pursue an interlocutory appeal. Having filed her application for interlocutory appeal woefully late and never having had that application granted, this Court is without jurisdiction to address the merits of Child's interlocutory appeal at this time. *See State v. Griego*, 2004-NMCA-107, ¶ 6, 136 N.M. 272, 96 P.3d 1192 (holding that failure to comply with statutory requirements for interlocutory appeal deprived the appellate court of subject matter jurisdiction).

**{8}** Child's reply brief concedes that her application for interlocutory appeal did not comply with the fifteen-day timeline imposed by Section 39-3-4 and Rule 12-203, and asserts for the first time in reply that because she is accused of "criminal conduct" we should consider the merits of her appeal, pointing to principles governing direct appeals and criminal law and procedure. For example, Child argues that we should apply a presumption of ineffective assistance of counsel to the untimely filing of her interlocutory appeal in this case, pointing to *State v. Duran*, 1986-NMCA-125, ¶ 1, 105 N.M. 231, 731

P.3d 374 as support. In *Duran*, the criminal defendant filed her notice of appeal over a year after her conviction, and this Court adopted a conclusive presumption of ineffective assistance of counsel where defense counsel fails to timely file either a notice of appeal or an affidavit or waiver of appeal in a criminal appeal of right. *Duran* occurred in the context of a final adjudication in a criminal case and involved an appeal of right. We see no basis for expanding its application to the untimely filing of an application for interlocutory appeal, and Child has not cited to any authority to support her suggestion that we broaden the conclusive presumption adopted in *Duran* to discretionary appeals such as this one. *See In re Doe*, 1984-NMSC-024, ¶ 2, 100 N.M. 764, 676 P.2d 1329 ("Issues raised in appellate briefs which are unsupported by cited authority will not be reviewed by us on appeal."). Child's reply brief also claims a general misunderstanding on the part of trial counsel regarding the required deadlines that resulted in her untimely appeal, and argues counsel's "negligence or oversight" should not preclude review of the merits of her appeal. Again, "[a]bsent statutory authority or supreme court rule, appellate courts may not extend the time for appeal, even to relieve against mistake, in advertence or accident." *Candelaria v. Middle Rio Grande Conservancy Dist.*, 1988-NMCA-065, ¶ 6, 107 N.M. 579, 761 P.2d 457.

**{9}** Finally, Child points to *Evitts v. Lucey*, 469 U.S. 387 (1985), for the proposition that the ineffective assistance of counsel should not deprive her of her right to appeal. This arguments is unavailing in light of the discretionary nature of interlocutory appeal. *Evitts* explicitly recognized that the right to counsel in appellate proceedings is limited to the first appeal of right. As such, the considerations stated in *Evitts* are not applicable here, where the appeal is discretionary and interlocutory in nature. 469 U.S. at 393. "[E]ven when an interlocutory appeal is authorized under Section 39-3-4, this Court is very cautious in exercising its discretion to hear the appeal." *City of Sunland Park v. Paseo Del Norte Ltd. Partnership*, 1999-NMCA-124, ¶ 8, 128 N.M. 163, 990 P.2d 1286.

**{10}** To the extent Child argues that the ineffective assistance of her counsel in pursuing her interlocutory appeal should not bar her ability to appeal the denial of her motion to dismiss, Child may pursue other avenues for appeal, including another request for interlocutory appeal, a direct appeal or a habeas proceeding raising ineffective assistance of counsel. *See, e.g.*, *Candelaria*, 1988-NMCA-065, ¶ 7 (discussing impact that appellate court's dismissal of untimely application for interlocutory appeal has on district court's authority in future proceedings).

**CONCLUSION**

**{11}** As Child failed to meet the mandatory preconditions necessary to the exercise of our subject matter jurisdiction over her interlocutory appeal, we dismiss her appeal without reaching the merits.

**{12} IT IS SO ORDERED.**

**JULIE J. VARGAS, Judge**

**WE CONCUR:**

**M. MONICA ZAMORA, Chief Judge**

**JAQUELINE R. MEDINA, Judge**